PETER SHARPE v. B. B. LARSON.[1]

November 24, 1897.

Nos. 10,696—(115).

**Libel—Second Publication.**
> L. published of and concerning S. a libelous article, for which S. recovered a verdict for damages against L.  Subsequently L. published another article substantially reiterating the previous libelous one. *Held,* that the republication was also libelous.

**Same—Pleading.**
> Where a publication, used in connection with the inducement to which

[1] Reported in 72 N. W. 961.

it relates, is defamatory on the face of the libel itself, no innuendo is necessary.

Appeal by defendant from an order of the district court for Norman county, Ives, J., overruling a demurrer to the complaint. Affirmed.

*Ole J. Vaule*, for appellant.

*W. W. Calkins* and *H. Steenerson*, for respondent.

BUCK, J.

Action for libel. For several years last past the plaintiff has been a duly-admitted and practicing attorney in the courts of this state. While holding the office of county attorney of Norman county the defendant published in a newspaper of and concerning him a libelous article, for which this plaintiff brought an action for damages. Upon a trial of that action in the district court the plaintiff recovered a verdict for $500.

During plaintiff's said term of office the defendant was arrested by a warrant issued by a justice of the peace, tried, and found guilty of an assault and battery. He appealed from this conviction and judgment entered therein to the district court of Norman county, and the plaintiff, acting as county attorney, obtained dismissal of the appeal, on the ground that the notice of appeal served on him was insufficient. More than a year thereafter, and after plaintiff ceased to be county attorney, the defendant published an article falsely and maliciously charging, in substance, that Sharpe had admitted to defendant receiving the notice of appeal, and that he had been persuaded to state that he had not received the notice, and the result was that the appeal was dismissed, and that the party so persuading him thereby got revenge. It was upon the matters so alleged that plaintiff recovered judgment, and from an order denying a motion for a new trial the defendant appealed to this court, where it was held that the published article was libelous on its face. Sharpe v. Larson, 67 Minn. 428, 70 N. W. 1.

Subsequently, on February 25, 1897, and while plaintiff was county attorney of Norman county, the defendant published another article in the same newspaper, of general circulation in said county, in which he refers to plaintiff as having won his case, and

that the public have a right to believe that Sharpe is an honest man, and that he (Larson) was a liar, but that the question in law was not whether Sharpe was honest, but whether he (Larson) could at the time prove what he had said about him; that it appeared that at the time his (Larson's) evidence was insufficient, but later he found out from Ole Fureseth that, had he testified in the case, his testimony would have been sufficient to render him (Larson) a verdict. There were other matters of an aggravating nature in the article so published.

The plaintiff in this case as an inducement set forth in his complaint the existence of the matters relating to the prior case, and which are explanatory of the gist of the matter contained in the article herein sued upon as libelous. In the opinion of this court in the former case between the same parties (Sharpe v. Larson, supra), and upon the matter referred to in the inducement herein, it was said, at pages 431, 432:

"A publication which imputes to one holding an office improper conduct therein, or to an attorney at law professional misconduct, is libelous per se;" and "the publication here in question  *  *  * is obviously defamatory. It is not reasonably susceptible of an innocent meaning and is a libel per se."

The article in question, read in the light of the matter stated as inducement, is clearly libelous. It is substantially a reiteration of the former libelous article,—the article which the demurrer admits to be false and malicious in its language; and defendant charges that if Fureseth had testified in the previous case his testimony would have been sufficient to render him (Larson) a verdict. This is equivalent to a republication of the former libelous matter for which the plaintiff had a verdict against him, upon the ground that the first publication was false and defamatory.

If the previous article was libelous, a publication substantially reiterating it must be equally so. The defendant cannot be permitted, under cover of a mere change of phraseology, to assail the character of the plaintiff with libelous charges, and thereby escape liability. A substantial reiteration of a libelous charge adds injury to injury. The words published, read in connection with the inducement, and to which the defamatory words republished related,

needed no innuendo, because their defamatory meaning was apparent on the face of the libel itself. As the original publication was libelous on its face, and as we hold that the article in question, read in its relation to the inducement, constitutes a substantial republication of the libel, it is unnecessary to discuss the matter further.

Order affirmed.

CANTY, J.

I concur mainly on the ground that the alleged libel for which this action is brought states:

"Unless Fureseth perjures himself, I cannot yet see but that Sharpe is a liar and an unfit person for county attorney."