PETER SHARPE v. B. B. LARSON.

November 29, 1898.

Nos. 11,321—(151).

**Libel— Evidence to Rebut Presumption of Malice — Mitigation of Damages.**

Any circumstance appearing by the evidence on the trial of an action of libel or slander which tends to lessen or overcome the presumption of malice should be considered by the jury in mitigation of damages, and a charge of the court, or a refusal to charge, which deprives a defendant of the benefit of such evidence, is erroneous.

**Same—Verdict Excessive.**

*Held*, in the case at bar,—an action for libel,—that the verdict in plaintiff's favor for $750 was excessive in amount.

Appeal by defendant from an order of the district court for Norman county, Ives, J., denying a motion for a new trial. Reversed.

*Ole J. Vaule*, for appellant.

Any circumstance which tends to overcome or lessen the presumption of malice should be considered in mitigation of damages. Eviston v. Cramer, 54 Wis. 220; Marks v. Baker, 28 Minn. 162; Newell, Defam. 883. Punitive damages cannot be awarded in an action for libel, unless defendant has been actuated by malice. Eviston v. Cramer, supra; Templeton v. Graves, 59 Wis. 95; Seeman v. Feeney, 19 Minn. 54 (79); 2 Sutherland, Dam. § 661.

*Calkins & Calkins* and *H. Steenerson*, for respondent.

COLLINS, J.

Action for libel, in which plaintiff had a verdict for $750. From an order denying his motion for a new trial, defendant appeals.

The substance of the libelous publication sufficiently appears in an opinion written on a former appeal, at which time it was held

that the complaint herein contained facts sufficient to constitute a cause of action. Sharpe v. Larson, 70 Minn. 209, 72 N. W. 961. And the case referred to in the publication was that disposed of by the court on appeal in an earlier action between these same parties; the opinion being found in 67 Minn. 428, 70 N. W. 1, 554. The Ole Furuseth mentioned was the justice of the peace from whose decision the defendant attempted to appeal to the district court, and who prepared the defective notice which has caused all of the unfortunate litigation between these parties.

At the trial of the present case, Furuseth testified that after the attempted appeal, and just prior to the term of district court at which the appeal was dismissed, he met this plaintiff, and had a conversation with him concerning the appeal, during which plaintiff said that he had received the notice, but that it was worthless, whereupon Furuseth asked if defendant, Larson, knew of this, and was informed by plaintiff, Sharpe, that he did not, at which Furuseth remarked that probably he (Furuseth) had better tell him (Larson). Sharpe then said, "No; don't do that. We can beat him out of that appeal." It also appeared that Furuseth had told defendant of this conversation before the article herein involved was published, and also that, at defendant's request, Furuseth had made an affidavit as to what was said by plaintiff, Sharpe, and himself on this occasion, and had delivered it to defendant. This affidavit was introduced in evidence at the trial, and was the affidavit mentioned in the published notice.

Because of this evidence the court below was requested to charge the jury, in effect, that if they found that plaintiff, Sharpe, told Furuseth not to tell defendant, Larson, that his notice of appeal was worthless, this circumstance might be considered in mitigation of damages. The court refused so to charge, defendant's counsel excepting, and there is no claim that the substance of this request was elsewhere given to the jury. It was error for the court below to refuse to charge the jury as requested.

If the fact that Furuseth had, prior to the publication, informed defendant of the conversation with Sharpe, and had also furnished to him an affidavit as to what the latter had said, was not available as a complete defense in the action, it bore upon the questions of

malice and damages.   G. S. 1894, § 5258, provides that in an action for libel or slander the defendant may, in his answer, allege both the truth of the matter charged as defamatory, and any mitigating circumstances, to reduce the amount of the damages.   Therefore any circumstance appearing in the evidence which tended to lessen or overcome the presumption of malice on defendant's part should have been considered by the jury in mitigation of damages.   By the refusal to charge as requested, defendant was deprived of the benefit of this circumstance, and a new trial must be had.   We deem it incumbent upon us now to say, in view of another trial, that the verdict rendered was greatly excessive in amount.

Order reversed.