UTICA,<br>Aug. 1826.<br><br>Wolfe<br>v.<br>Washburn.

---

## WOLFE *against* WASHBURN and HAM.

COVENANT on a sealed agreement, dated *August 14th,* 1824, reciting that *Washburn* had occupied for three years, other, and so appears on the face of the covenant, may be sued for and recovered in the name of the covenantee ; and it does not lie with the covenantor to object that the suit is not sanctioned by the *cestui que trust.*

A covenant to pay one, money which belongs to an-

To warrant a set off, there must be a subsisting debt due *in præsenti,* and it must be due from the plaintiff to the defendant ; and if it be due from the plaintiff and another to only one of the defendants, it is not admissible as a set off ; and though it be claimed by the defendants, and allowed by the jury as a set off, the claim being, in fact, due to but one defendant, and not payable at the time, this is no bar to a subsequent action for the same demand when it becomes payable, in favor of the defendant to whom it is really due.

The certificate of a justice, that a certain demand was claimed before him by the defendant as a set off, is extra-judicial, and therefore not conclusive, and may be contradicted by parol evidence shewing that the demand was not so claimed.

The official certificate of a justice within the statute, (*sess.* 47, *ch.* 138, *s.* 29,) can regularly contain no more than the process, pleadings, evidence, verdict and judgment ; not what was stated before him by way of argument.

certain land of which one *Hallenbeck* died siezed ; and that *Washburn* also occupied it at the date of the agreement, at $58 rent for the first, and $65 for the two last years ; that half this rent was claimed by one *More ;* that *Hallenbeck* left an infant son and a widow, who married the plaintiff. The defendants then covenanted by this agreement with the plaintiff, as well on behalf of the heir at law and the widow, his wife, as in his own behalf, that within six months from the date, they would pay him the rent recited, or so much as still remained due, and ought to be accounted for and paid to the heir at law, or widow, or any other representative of the rights and interests of *H.* (the ancestor.)

Plea. 1st, *non est factum ;* and 2nd, that on the 14*th* of *January,* 1825, *Washburn* (one of the defendants) impleaded the plaintiff and his wife in assumpsit, before *J. A. Showerman,* a justice ; and that on the trial, *February* 7*th,* 1825, the plaintiff and his wife gave in evidence, in support of their defence, the covenant declared on ; and the jury allowed and set off the money due and owing for the rent secured to be paid by the covenant, against *Washburn's* claim, and rendered a verdict for him, which was followed by a judgment.

The defendants also gave notice, with these pleas, that they would prove in their defence, that after the execution of the covenant in question, and before this suit was commenced, *Thaddeus Reid* was, by the surrogate of *Columbia,* appointed guardian of the infant, and that this suit was prosecuted by the plaintiff for his own benefit, without the authority or direction of the guardian.

The plaintiff replied to the 2nd plea, that he did not give in evidence, or claim the covenant in question as a set off on the trial in that plea mentioned ; and that he did not claim the money secured by the covenant as a set off, and did not consent to a set off.

The cause was tried at the *Columbia* circuit, *September,* 1825.

On the trial, the execution of the covenant being admitted, the defendants proved the facts stated in their notice, and then moved for a nonsuit, which was overruled.

The defendant then gave in evidence the certificate of J. A. *Showerman*, the justice, to prove the facts pleaded in the second plea. The certificate stated that the plaintiff's account before him was more than $100 ; that the covenant, now in question, was given in evidence by the defendants, who claimed to have the rent allowed them by the jury ; that the jury, after being out a short time, sent for the covenant ; that they found for the plaintiff $7,75. This certificate was drawn up by the defendants' attorney, under the direction of the justice, during the circuit. It was authenticated by the certificate of the county clerk, in the usual form ; the certificate of the justice being dated the 27*th*, and that of the clerk the 30*th* of *September*, 1825.

The certificate of the justice was objected to as evidence, on account of the manner in which it was drawn up ; but was received.

Several of the jurors before the justice were then sworn as witnesses for the present defendants, and stated that they allowed the rent, or a part of it, to the defendants, on the trial before the justice.

The plaintiff then offered in evidence a copy of the minutes of the justice, taken at the trial, verified by the official certificate of the justice, who was in court, and there fixed his seal ; to contradict his first certificate. This was objected to, but received ; and the balance of proof was, that though the jury allowed the rent to the defendants, yet it was not claimed by them as a set off ; but the covenant was given in evidence by them, to show that the payment of the plaintiff's demand had been by the agreement of the parties postponed, and that the suit was prematurely brought ; that a part of the plaintiff's demand was for the rent of a room and pasture ; and the covenant was mentioned by the defendants on the trial in reference to those charges ; that the plaintiff, however, told the jury that they should allow the rent as a set off.

Verdict for the plaintiff for $110,05, subject to the opinion of the court on a case containing the facts.

UTICA,
Aug. 1826.

Wolfe
v.
Washburn.

Other particulars will be found stated in the opinion of the court.

Wolfe
v.
Washburn.

*C. Bushnell,* for the plaintiff. The action was rightly brought in the name of *Wolfe.* (11 *John.* 91.)

The judge properly admitted the evidence in contradiction of the justice's certificate. (3 *Cowen,* 126. 18 *John.* 354. 4 *Cowen,* 458. *Com. Dig. Action,* (*L.* 4,) *new ed.* 16 *John.* 136.) So far as it related to the fact of set off, it was extrajudicial. (*Laws N. Y. sess.* 47, *ch.* 238, *s.* 29.)

The covenant was not admissible as a set off before the justice. (11 *John.* 91. 12 *id.* 343. 4 *John. Ch. Rep.* 136. 4 *John. Rep.* 510.) And if received as such, it cannot affect the plaintiff's claim.

The proceedings in the former suit were not between these parties; nor was the demand on the covenant between the parties in that suit. It was inadmissible as a set off in any view.

*D. B. Tallmadge,* contra. No doubt this rent has once before been recovered; and that too by persons authorized to receive it; one of them being this very plaintiff. (5 *John.* 66.) But the plaintiff has no rights. They passed to *Reid,* the guardian, on his appointment. He cannot be deprived of them by the plaintiff's act, who was a mere trustee for the infant, or the infant's guardian. The debt being, in truth, due to the guardian, he has a right to control it, though the plaintiff is the nominal creditor. (1 *John. Cas.* 411. 11 *John.* 47. 3 *id.* 425. 12 *id.* 343.)

At any rate, the former suit was a bar, if the plaintiff has the right. He had the same rights at the former trial, and they were set off and allowed. (5 *John.* 129.)

Parol evidence was not admissible to contradict the justice's certificate. (5 *John.* 351.)

*Curia, per* WOODWORTH, J. (*after stating the facts.*) It is urged that, as a guardian had been appointed for the heir of *Hallenbeck,* the plaintiff cannot sustain the action. The plaintiff stands in the relation of trustee, and must, undoubtedly, account with the guardian; but with this,

I apprehend, the defendants have no concern. They are bound to pay the plaintiff in the terms of their covenant.

In point of fact, it appears from the evidence, that the jury did allow, as a set off to the defendants before the justice, the rent, or a part of the rent, secured by the covenant. But it also appears very satisfactorily, that the covenant was not offered on that trial as a set off, but to show that *Washburn* could not sustain an action on his account, in as much as the rent was not then payable ; and that the claims of the parties against each other were suspended until the rent became due. The counsel for the defendants, before the justice, moved for a nonsuit, which was denied. After this, the counsel put the covenant in his pocket. The jury retired, and at the request of the justice, he delivered the bond to the constable, who carried it to the jury.

The covenant was not the subject of set off at law, it not being between the same parties to the suit before the justice. Besides, it was not then broken. The trial was on the *7th* of *February*, 1825 ; and the rent did not fall due till the 14*th*. And the weight of evidence is, that it was not offered as a set off. If, notwithstanding this, the jury have arbitrarily allowed it, they have done *Washburn* injustice ; but that is no cause for depriving the plaintiff of his right.

The certificate of the justice states that the defendants, on the trial, claimed to have the rent secured by the covenant allowed to them by the jury in making up their verdict. The defendants in this cause objected to evidence contradicting the certificate in this respect. But it seems to have been admitted, as there is no mention in the case, that the judge allowed the objection.

I incline to think, that the fact stated by the justice, to wit, that the defendants claimed to have the rent allowed them by the jury, is extrajudicial, and regularly no part of his record. It is not the statement of a proceeding, or the evidence ; but rather that the defendants urged, by way of argument, that the rent should be allowed. The certificate of a justice must contain the process, pleadings,

*UTICA,*
*Aug. 1826.*

evidence, verdict and judgment.    Beyond these, he is not called on to certify.    If he goes farther, his statements conclude no one.

But, on general principles, a legal demand cannot be extinguished in this manner.    The defendants might, on the ground now relied upon, have requested the jury to allow them money due on a bond, payable ten years after the trial ; and if, unadvisedly, the jury had done so, it would undoubtedly have been good cause to reverse the judgment ; but would not bar them of their remedy by action for the same claim, when it should become due.    This is founded on the plain principles of reason, and of law.    An allowance to a party by way of set off, is always founded on an existing demand *in præsenti*, and not one that may be claimed *in futuro*.

So far as respects the present action, the recovery before the justice has no operation.

I am therefore of opinion, that the plaintiff is entitled to judgment.

Judgment for the plaintiff.