LENA JOHNSON *vs.* JOHN H. TRAVIS.

February 19, 1885.

Breach of Promise to Marry—Want of Chastity as Defence—Burden of Proof.—One who contracts to marry another, knowing that the latter had previously been unchaste, is bound thereby.  If unchaste conduct subsequent to the contract is relied upon as a defence to an action for breach of the contract, the burden of proof is upon the defendant; the fact is not to be presumed.

Same—Exemplary Damages.—Exemplary damages may be awarded against a man who, with improper motives, and without intending to perform his obligation, contracts to marry a woman, and then, without justification, violates the contract.

Same—Instruction—Wealth of Defendant.—A charge that the jury may consider the wealth of the defendant "in aggravation of damages," construed in connection with the rest of the charge.

Same.—Verdict *held* not excessive.

Appeal by plaintiff from an order of the district court for Fillmore county, *Farmer,* J., presiding, refusing a new trial.

*B. A. Man* and *C. N. Enos,* for appellant.

*Gray & Thompson* and *W. B. Anderson,* for respondent.

DICKINSON, J.    Action for breach of promise of marriage.    We have only to consider whether the court erred in its instructions to the jury, and whether the verdict was excessive.    The case shows that at the time the alleged contract was entered into the plaintiff was the mother of two bastard children, and that the defendant then knew that fact.

1. The court instructed the jury that if they found the contract of marriage to have been entered into, and that at that time the defendant knew that plaintiff had been an unchaste woman, and was the mother of two bastard children, and that defendant broke the contract by marrying another woman, their verdict would be for the plaintiff.    The appellant contends that it was essential to a recovery that the plaintiff should show reformation and continued chastity on her part, and that the charge was therefore erroneous.    If the defendant, with knowledge of the plaintiff's previous unchastity, entered into a contract of marriage, the contract was valid, and he was bound to perform his engagement, unless he was subsequently discharged from the obligation.    The defendant having violated his engagement, it was for him to show a justification, which he might have done by proof of subsequent unchastity.    That was not to be presumed, nor was the burden upon the plaintiff to prove the negative.    The instruction was correct.

2. There was evidence tending to show that the defendant entered into the engagement with improper motives, and without intending to perform it, and that he broke the contract unjustifiably.·    The court, in substance, charged the jury that if they found the fact to be so, they might allow exemplary damages.    This was correct.    The law as to damages in this class of actions is exceptional, being in some respects analogous to the rules prevailing in actions for torts; and exemplary damages may be awarded upon like grounds as in actions of the latter class.    *Southard* v. *Rexford,* 6 Cow. 254;    *Thorn* v. *Knapp,* 42 N. Y. 474;    *Johnson* v. *Jenkins,* 24 N. Y. 252;    *Coryell* v. *Colbaugh,* 1 N. J. Law, 77;    *Coil* v. *Wallace,* 24 N. J. Law, 291;    3 Suth. Dam. 321.

3. The court further instructed the jury as follows: "You have a

right to consider the financial condition of the defendant and his social position, and as to what rights and privileges she would have acquired, pecuniarily and socially, if the defendant had performed his contract. It is not disputed in the pleadings but what the defendant is worth some thirty thousand dollars,—a fact which you have a right to consider in aggravation of damages." The exception to this is based upon the force of this word "aggravation." This whole instruction had obviously the meaning, which is conceded to be in accordance with the law, which is clearly expressed in the first sentence quoted. There was no fault in the charge.

4. We do not regard the amount of the verdict ($750) as excessive. Order affirmed.