LILLA J. CLEMENT *vs.* SEYMOUR W. BROWN.

Argued May 15, 1894. Reversed May 24, 1894.

No. 8813.

**Exemplary damages for breach of promise of marriage.**

> In an action for breach of promise to marry, it was *held* not a case for exemplary damages, because, as disclosed by the record, the conduct of plaintiff was throughout their entire connection just as bad as that of defendant.

Appeal by defendant, Seymour W. Brown, from an order of the District Court of Winona County, *Chas. M. Start,* J., made October 31, 1893, denying conditionally his motion for a new trial.

The plaintiff, Lilla J. Clement, brought this action to recover damages for breach of defendant's promise made at Minneapolis to marry her in the spring of 1893. Defendant denied that he made the promise and also pleaded in mitigation that plaintiff was formerly the wife of George E. Clement, a locomotive engineer. That plaintiff and defendant became intimate. The husband discovered the intimacy. To avoid prosecution defendant gave the husband $900 and the wife his note for $7,500 and interest due in two years thereafter. The wife soon after by consent obtained a divorce from her husband. Defendant then bought a house for plaintiff in Minneapolis where she has since resided and he has visited. On the trial the Judge charged the jury among other things that plaintiff would be entitled to exemplary damages, that is smart money, in case defendant's refusal to keep his alleged promise was without justification and the contract to marry was entered into by him with improper motives and with no intention of performing it. The jury returned a verdict for plaintiff and assessed her damages at $13,042. Defendant moved for a new trial. The court ordered that it be granted unless plaintiff should consent that her recovery be reduced to $7,000 and denying it if she did. She consented. The defendant appeals from the order.

*Wm. Gale* and *Losey & Woodward,* for appellant.

The jury were told by the court that plaintiff would be entitled to smart money in case defendant's refusal to perform was without

justification, and the contract to marry was entered into by him with improper motives and with no intention of performing it.

This assumes as law and unqualifiedly instructs the jury that if they find the facts supposed, they are bound to give the plaintiff smart money, ignoring the rule that the question of smart money is left in all cases to the discretion and good judgment of the jury itself.

The reduction of the verdict, on motion for new trial, to an amount which the court thought a sufficient measure of actual damages was not the appropriate remedy for this mistake. The jury's measure of actual damages might well have been much less than $7,000.

There was not a scintilla of evidence in the case to support a finding that this promise, if made, was made with any improper motives or without intention of performing it.

*W. F. Sawyer* and *Brown & Abbott,* for respondent.

The only exception taken at the trial challenging any part of the charge, relating to exemplary damages, is in the following language: "The defendant excepts to that part of the charge relating to exemplary damages." That part embraced several distinct propositions of which, if any one was correct, the exception is unavailing. *Main* v. *Oien,* 47 Minn. 89.

The charge was correct. *Johnson* v. *Travis,* 33 Minn. 231.

The single fact that defendant denies that he ever made the promise is some evidence that he did not intend to perform it, and numerous instances are derivable from the record leading to the same conclusion.

GILFILLAN, C. J. We agree with the conclusion which the trial court seems to have reached on the motion for a new trial,—that this is not a case for the allowance of exemplary or punitive damages. As the words indicate, such damages may, in a proper case, be assessed against a defendant, in addition to the actual damages sustained by plaintiff, as a punishment for the oppressive, malicious, and wanton character of the wrong done to plaintiff. However reprehensible in morals the conduct of the defendant may have been,—however worthy of punishment,—it would be a travesty of

justice to punish him for the benefit of the plaintiff, who, through their entire connection, so far as disclosed by the record, was not a whit better than he. The whole history is one of those disgraceful transactions of which courts are sometimes obliged to take cognizance.

If a man knowingly engage himself to marry a woman of evil life and character, as one who has lived in adultery with him, and, without any other cause than her bad character, goes back on his promise, he must respond in whatever actual damages she sustains by his breach of promise, though, as bearing upon the amount of such damages, he may prove her character. But, in respect to damages imposed as a punishment, such a woman cannot stand in the same position as one who is pure and to whose conduct no exception can be taken. To permit her to do so would be too much like obliterating the distinction between virtue and vice, and would be an encouragement to disreputable adventuresses.

It was error for the court below to leave the matter of exemplary damages to the jury.

We are satisfied, as the court below was, that the verdict was, in part at least, made up of such damages. We wish that we could, as the court below endeavored to do, separate the actual from the exemplary damages included in the verdict, and so put an end to the case, and rid the courts of further consideration of it; but that is impossible.

Order reversed.

MITCHELL and BUCK, JJ., took no part in the decision.

(Opinion published 59 N. W. 198.)