ANNA TAMKE v. ANFIN J. VANGSNES.

May 12, 1898.

Nos. 11,043—(151).

**Breach of Promise of Marriage—Evidence of Promise—Charge to Jury.**

On the trial of an action for breach of promise to marry, in which an issue was made by the evidence as to the making of the promise, a witness testified that defendant had told him that he was soon to marry plaintiff. The court instructed the jury that, if there was an actual promise of marriage, plaintiff was entitled to recover, and then charged: "But, on the other hand, if you find that there was no promise of marriage, and that defendant did not, by his acts or by his speech, hold out to the plaintiff or to others with whom he talked that he was to marry her, then you will find for the defendant." *Held* to be prejudicial error.

**Same—Compensatory Damages—Financial Condition and Position of Defendant.**

In such a case the jury have the right, when assessing compensatory damages, and should be so instructed, to consider the financial condition of the defendant and his social position, and what rights and privileges the plaintiff would have acquired pecuniarily and socially, if defendant had performed his contract.

**Same—Exemplary Damages—Pleading.**

Whether, in order to warrant the recovery of exemplary damages, in an action of this nature, it is necessary to allege in the complaint the special facts or circumstances relied upon, is undecided.

**Same—Exemplary Damages—Motives and Intentions of Defendant —Instructions.**

In a charge respecting the assessment of punitive or exemplary damages in such a case the question of defendant's motives and intentions, whether good or bad, when entering into the engagement or when breaking it off, should be so submitted that no doubt could exist in the minds of the jury as to the law upon the subject. And the jury should also be instructed that punitive or exemplary damages may be awarded in case improper motives exist on defendant's part, when making the engagement, if the jurors, in the exercise of a sound discretion, believe the plaintiff entitled thereto.

Appeal by defendant from an order of the district court for Nor-

man county, Ives, J., denying a motion for a new trial after a verdict in favor of plaintiff for $4,000.  Reversed.

*W. W. Calkins* and *H. Steenerson*, for appellant.

To justify an award of punitive damages the complaint must allege facts to support such award.  Andrews v. Stone, 10 Minn. 52 (72); Carli v. Union Depot S. R. & T. Co., 32 Minn. 101; Craig v. Cook, 28 Minn. 232; Gregory v. Coleman, 3 Tex. Civ. App. 166; Johnson v. Chicago, R. I. & P. R. Co., 51 Iowa, 25; Savannah, F. & W. Ry. Co. v. Holland, 82 Ga. 257; Sherman v. Kilpatrick, 58 Mich. 310.

*Mosness & Combs*, for respondent.

Punitive damages may be allowed without any allegation claiming them in the complaint.  Coryell v. Colbaugh, 1 N. J. L. 77; Davis v. Slagle, 27 Mo. 600; Fidler v. McKinley, 21 Ill. 308; White v. Thomas, 12 Oh. St. 312; Hale, Dam. § 225; 3 Sedgwick, Dam. (8th Ed.) § 1263; 1 Sutherland, Dam. § 422; Williams v. Williams, 20 Colo. 51; Davis v. Seeley, 91 Iowa, 583; Bennett v. Bean, 42 Mich. 346; Reed v. Clark, 47 Cal. 194; Royal v. Smith, 40 Iowa, 615; Grant v. Willey, 101 Mass. 356.

COLLINS, J.[1]

Action for breach of promise, in which plaintiff had a verdict, well supported on the merits of the evidence.  Defendant appeals from an order denying his motion for a new trial.  Error in the admission of certain testimony and in the charge of the court in several particulars is assigned.  It is also alleged that the verdict was excessive in amount, the result of passion and prejudice.

1. The court below committed reversible error when charging the jury, for which a new trial must be had.  The plaintiff alleged and testified to an absolute promise of marriage on defendant's part as well as on her part.  The defendant denied in his answer, and when testifying, that he had ever promised plaintiff that he would marry her, or that there ever had been an absolute engagement between them.  One witness testified that defendant had told him upon a certain occasion that he was soon to marry the plaintiff.  With

[1] BUCK, J., took no part.

this state of the evidence, the jury was instructed that plaintiff was entitled to a verdict if there was an actual promise of marriage at a certain time. The court then proceeded as follows:

"But, on the other hand, if you find that there was no promise of marriage, and that defendant did not, by his acts or by his speech, hold out to the plaintiff *or to others* with whom he talked that he was to marry her, then you will find for the defendant."

And to this part of the charge an exception was duly taken. The vice in this language is because the jury might understand from it that, if defendant held out to others that he was to marry plaintiff, a verdict against him would be warranted, without any promise on his part to plaintiff or any actual engagement between them. The plaintiff was, of course, bound to establish a contract of marriage made by her with defendant, and yet the words italicized, "or to others," ignored and excluded this most essential element of a mutual engagement to marry. It was equivalent to charging that, if defendant told or held out to other persons that he was to marry plaintiff, his promise was established, and she could recover compensation, the promise not having been performed. We are not able to hold that this part—when taking into consideration the whole charge—was not misleading and harmful.

2. The defendant admitted that during the time he was paying attention to plaintiff, and at the time the latter claimed he was engaged to her, he was engaged to another woman, the one he subsequently married, and made further admissions as to his loverlike treatment of plaintiff while so engaged to another, which reflects rather seriously upon his good faith towards one or both of these women.

This probably led the court of its own motion to charge in substance that, if defendant was engaged to another woman when he became engaged to plaintiff, "he would subject himself thereby to what the law denominates punitive damages." Then followed other language in respect to plaintiff's right to recover damages by way of punishment. From the size of the verdict it is evident that this part of the charge had great weight with, and was acted on by, the jury. With an argument not justified by the ex-

ception, and very much broader in its scope and effect, counsel urges that the charge upon this point ignores the motives and intent of defendant; that by using the word "subject" the jury was deprived of a right which they had, and of which they should have been informed, to allow punitory damages or not at their will, in the exercise of a sound discretion.

It is also urged that under the allegations of the complaint damages of this character could not be awarded, because no facts or circumstances justifying such an award had been pleaded. This pleading was in the ordinary form, setting out the promise, plaintiff's request that defendant fulfill it, his refusal, and that he had wrongfully married another woman. It was silent as to the other engagement, or as to any other specially aggravating facts or circumstances; but that all of the evidence in aggravation, and upon which exemplary damages were based, was admissible under this complaint is admitted, for it all tended to support plaintiff's right to recover compensatory damages.

But four members of the court were present at the argument, and, we regret to say, two are of the opinion that no special circumstances or facts need be pleaded to justify an award of damages by way of punishment, while the other two are of the contrary opinion. This leaves the question of the sufficiency of the complaint upon this question undetermined.

3. With reference to a new trial we feel warranted in saying that parts of the charge in respect to damages purely compensatory, as well as damages by way of punishment, are open to criticism, although they may not be erroneous. Much clearer and better language in respect to what may be considered when estimating damages by way of compensation is found in the third paragraph of the opinion in Johnson v. Travis, 33 Minn. 231, 232, 22 N. W. 624, thus:

"You have a right to consider the financial condition of the defendant and his social position, and as to what rights and privileges she would have acquired, pecuniarily and socially, if the defendant had performed his contract."

And in the same case (paragraph 2) the law as to instructions

where damages by way of punishment are claimed is also well stated. The question of defendant's motives and intentions, whether good or bad, when he entered into the engagement, and while it continued (no claim is made that he was justified in breaking it off), should be submitted in a manner which would leave no doubt in the minds of the jurymen upon the law on the subject. And an instruction should also be given that punitory damages may be awarded in case improper motives existed on defendant's part when making the engagement, if the jurors, in the exercise of a sound discretion, believe plaintiff entitled thereto. No other assignments of error need be mentioned.

Order reversed.