JOSEPHINE SNEVE v. HILDUS H. LUNDER.[1]

January 4, 1907.

Nos. 14,896—(98).

**Punitive Damages.**

When the evidence discloses a proper case, the award of punitive damages rests in the discretion of the jury.

**Same—Charge to Jury.**

It is the duty of the court to explain to the jury the meaning of punitive or exemplary damages and to state the circumstances and conditions under which such damages may be awarded. It is error for the court to direct the jury to award punitive damages in any particular case.

Action in the district court for Otter Tail county to recover $3,000 for breach of promise of marriage. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of the plaintiff for $1,500. From an order denying a motion for a new trial, if plaintiff consent to take judgment for $1,000, defendant appealed. Reversed, and new trial granted.

*Townley & Frankberg,* for appellant.

*Chas. S. Marden* and *Parsons & Brown,* for respondent.

ELLIOTT, J.

This is an appeal from an order denying a motion for a new trial after a verdict for the plaintiff. The action was for damages for the breach of an alleged marriage contract, and the jury returned a verdict for the plaintiff for the sum of $1,500. The trial court, deeming this excessive, reduced the amount to $1,000, which the plaintiff accepted.

There are numerous assignments of error, but it is only necessary to consider one. The complaint alleged a simple contract to marry and its breach by the defendant. The answer denied that any contract was made. No requests were made for instructions as to the right to recover other than compensatory damages, but the court instructed the jury as follows:

[1] Reported in 110 N. W. 99.

The court in this case allows what is called punitive or exemplary damages; that is, allowed as punishment to the defendant for his conduct and in part to compensate the party. That is what is known as punitive or exemplary damages, and that is a proper item to consider in this case. This is not merely for compensatory damages, but the jury can allow that class of damages if it sees fit, but under no circumstances go beyond $3,000.

This was equivalent to telling the jury that the conduct of the defendant deserved punishment, and that, for such purpose, punitive damages must be allowed. Where the evidence discloses a proper case the awarding of punitive damages is a matter which is within the sound discretion of the jury, but the court has no right to direct that such damages shall be awarded in any case. It is the duty of the court to explain to the jury the meaning of punitive or exemplary damages and to state the circumstances and conditions under which such damages may be awarded but it then rests with the jury to say whether, upon the evidence, punitive damages shall be awarded. In an action of this character the jury may, in its discretion, allow punitive damages if the evidence shows that the conduct of the defendant was wanton and ruthless and of such a character as to manifest an intention unnecessarily to wound her feelings, injure her reputation, and destroy her future prospects. Johnson v. Travis, 33 Minn. 231, 22 N. W. 624; Clement v. Brown, 57 Minn. 314, 59 N. W. 198; Tamke v. Vangsnes, 72 Minn. 236, 75 N. W. 217; Chellis v. Chapman, 125 N. Y. 214, 26 N. E. 308, 11 L. R. A. 784.

The respondent contends that the exception taken by the appellant to this portion of the charge was not broad enough to enable him to raise the question of the correctness of the charge in this court. The defendant in the court below excepted "to all that portion of the charge which allows punitive damages in this case under the particular evidence in this case as it was charged." The particular evidence in the case did not justify the court in directing the jury to allow punitive damages, and the fact that no additional or different evidence which could be produced would justify the instruction does not prevent the appellant from availing himself of the error under the exception.

The sufficiency of the pleading cannot be determined under this exception.

Order reversed, and new trial granted.