## VERNIE BUKOWSKI v. JOSEPH KUZNIA.[1]

January 27, 1922.

No. 22,637.

**Breach of marriage contract—verdict sustained.**
 1. The evidence sustains the jury's finding that the plaintiff and the defendant entered into a contract of marriage which the defendant breached.

**Damages—mental anguish—value of defendant's property at time of trial.**
 2. An action for breach of promise of marriage is in form on contract; but in respect of damages it is in general governed by the law applicable to tort actions. Mental anguish is an element of actual damages. The defendant's financial condition at the time of the trial, though the breach was severed years before, is properly considered.

**Verdict not excessive.**
 3. The damages were not excessive.

[1]Reported in 186 N. W. 311.

Action in the district court for Marshall county to recover $5,000 for breach of promise to marry. The case was tried before Grindeland, J., and a jury which returned a verdict for $1,100. From an order denying his motion for a new trial and from the judgment entered on the verdict, defendant appealed. Affirmed.

*P. A. McClernan,* for appellant.

*Julius J. Olson* and *Rasmus Hage,* for respondent.

DIBELL, J.

Action for breach of promise of marriage. There was a verdict for the plaintiff. The defendant appeals from an order denying his motion for a new trial and from the judgment entered on the verdict.

1. The plaintiff's testimony shows a promise of marriage and a breach. The defendant denies that there was a promise. There was additional evidence offered by each. The issue was for the jury and its verdict is sustained.

2. The defendant is a thrifty farmer and had property of the value of $8,000 at the time of the trial in 1921. The breach of the marriage contract was some three years before. His people were among the good and substantial people of the community as were the people of the plaintiff.

A cause of action for breach of promise of marriage is in form on contract; but in general the law as to damages applicable to tort actions applies. Hively v. Golnick, 123 Minn. 498, 144 N. W. 213, 49 L. R. A. (N. S.) 757, Ann. Cas. 1915A, 295; Johnson v. Travis, 33 Minn. 231, 22 N. W. 624.

The court instructed the jury that in determining damages it might consider injuries coming from "anguish of mind, blighted affection or disappointed hopes." The defendant objects to the reference to anguish of mind. It is an element of actual damages and proper to be considered. Hahn v. Bettingen, 81 Minn. 91, 83 N. W. 467, 50 L. R. A. 669.

There was no evidence of the value of the defendant's property at the time of the breach of the contract. The evidence was of its value at the time of the trial. The defendant's claim that value at the

time of the trial, the breach being three years before, cannot be considered, is without merit. The damages were unliquidated in character, largely a matter of estimate, and there was no definite measure as in the ordinary breach of contract action. The jury might properly consider the defendant's financial worth at the time damages were assessed.

3. Exemplary damages were not claimed. The verdict was for $1,100. It is not excessive.

In the answer the defendant alleged misconduct of the plaintiff. It was not alleged as a justification of his breach. There was no proof of it, nor offer of proof. Apparently the allegation had no proper place in the answer.

The case was submitted to the jury in a clear charge and the defendant has no ground of complaint.

Order and judgment affirmed.