# MARY DROBNICH v. CHARLES BACH.[1]

May 2, 1924.

No. 23,889.

**Verdict of breach of marriage promise sustained.**

1. The evidence sustains the jury's finding that the plaintiff and the defendant entered into a contract of marriage, and that the defendant breached his promise.

**Action as on contract—damages as in tort.**

2. An action for breach of marriage contract is in form on contract, but damages are awarded as in tort actions. Exemplary damages may be awarded when the conduct of the defendant is wilful and wanton, as when he makes his promise without the intention of keeping it, from evil motives and as a means of gratification of his personal desires, and wantonly breaks it under circumstances of humiliation and degradation to the plaintiff.

**Exemplary damages justified.**

3. The evidence justified an award of exemplary damages.

**Damages not excessive.**

4. The verdict is not excessive.

Action in the district court for St. Louis county to recover $50,000 for breach of promise. The case was tried before Freeman, J., and a jury which returned a verdict for $15,000. From an order denying his motion for judgment notwithstanding the verdict and granting a new trial unless plaintiff consented to a reduction of the verdict to $9,000, defendant appealed. Affirmed.

*M. H. McMahon* and *Boyle & Montague,* for appellant.

*Austin, Austin & Wangensteen,* for respondent.

[1]Reported in 198 N. W. 669.

DIBELL, J.

Action to recover damages for the breach of a contract of marriage. There was a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

1. The testimony of the parties is in direct conflict. There are some infirmities in the testimony of each, and each has corroborating testimony or corroborating circumstances. The question was one of fact for the jury, and the verdict finding a marriage contract and its breach by the defendant is sustained.

2. An action for the breach of a marriage contract is in form on contract, but damages are awarded as in tort actions. Bukowski v. Kuzia, 151 Minn. 249, 186 N. W. 311, and cases cited. If the conduct of the party who breaches the contract is wanton and wilful, as when he enters into it without the intention of keeping it, from evil motives and for the gratification of his personal desires, and is unjustifiably and wantonly broken under circumstances of humiliation and degradation to the other party, exemplary damages may be awarded. Johnson v. Travis, 33 Minn. 231, 22 N. W. 624; Dunnell, Minn. Dig. & Supp. §§ 1094, 1095; 9 C. J. 381; 4 R. C. L. 157.

3. The evidence justified the jury in finding that the defendant's promise was made with the wilful intention of not keeping it, that it was made from evil motives to secure the gratification of his personal desires, and that it was unjustifiably and wantonly broken under circumstances of humiliation and degradation to the plaintiff. The jury was warranted in awarding exemplary damages.

4. The verdict was for $15,000, and was reduced conditionally to $9,000, and the reduction was accepted by the plaintiff.

The award is not excessive. The plaintiff was 2 or 3 years over from Jugo-Slavia. The defendant was a Slavonian who had lived in this country 7 or 8 years. His property was worth $35,000 or $40,000. Its value was proper for consideration on the award of compensatory as well as of exemplary damages. He was a man of some prominence among his people in the community. The plaintiff suffered whatever pecuniary damage comes from the loss of a matrimonial alliance of such kind. There was evidence of seduction and the birth of a still-born child. She necessarily suffered humiliation and disgrace.

Order affirmed.