## EBBA KIRSCHBAUM v. H. C. LOWREY.[1]

### December 11, 1925.

### No. 24,861.

**Charge to jury erroneous.**

1. In this action to recover for an assault, it was error to instruct the jury that damages for lost time and costs of care and maintenance should be included, for there was no evidence of lost time or its value, nor of cost of care or maintenance paid or incurred by plaintiff.

**Compensatory and punitive damages.**

2. It was error to charge that the actual damages sustained should be added to in a case of a repeated assault. The actual damages, where there are two assaults, are the sum total of full compensation for the injuries resulting from each assault. Repetition of the wrong may justify a jury in increasing the punitive damages, not the compensatory.

**Punitive damages.**

3. It was error to instruct in substance that plaintiff was entitled to be awarded punitive damages.

1. See Assault and Battery, 5 C. J. p. 691, § 138.
2. See Assault and Battery, 5 C. J. p. 701, § 157 (Anno).
3. See Assault and Battery, 5 C. J. pp. 708, 709, § 166.

Action in the district court for Blue Earth county for assault. The case was tried before Comstock, J., and a jury which returned

[1]Reported in 206 N. W. 171.

a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Reversed.

*Evan Hughes,* for appellant.

*Regan & Grogan,* for respondent.

HOLT, J.

In this, an action for assault, plaintiff had a verdict. Defendant's motion for a new trial being denied, upon plaintiff accepting a reduction of the verdict to $4,500, he appeals.

Plaintiff, a young married woman, was selling Christmas cards, in November, 1923, calling on people at their homes in Mankato. On the first of that month she came to defendant's home. He gave an order for cards and paid $4 thereon. After this was done she claims that he began to make suggestive remarks, attempted to block her from passing out the door, and finally grabbed her around the waist; that a struggle ensued in which she struck at him and he hurt her back. She then was permitted to leave. She did not see him again until January 22, 1924, when he called at her home. She did not let him in. His errand, so he claims, was to get a married man to work his farm and, having in mind that she had spoken of her husband's desire to do farming when she sold him the cards, he called there. She says that he wanted to come in, made some suggestive remarks again, also talked about getting her husband and herself to go to work on his farm. She then admits that she conceived the plan of trapping him, and it was agreed that he should call after supper the following night. In the meantime, she was to consult with her husband upon the proposition. Defendant testified that her husband was to be there; plaintiff that she informed him that her husband would not be there. At any rate, the next evening he called about 7 o'clock. There was some conversation, and she testified that defendant wanted to have her show him the rooms in the house, and when she refused he raised his hands towards her, she then yelled and her husband, who had been hiding in the next room, rushed out and assaulted defendant. It is not claimed that any physical pain or injury was then suffered by plain-

tiff. Defendant denies in toto any assault on either occasion, and has corroborating testimony as to November 1.

The verdict is challenged as unsupported. We refrain from discussing the testimony, since we have reached the conclusion that there must be a new trial on account of errors in the charge. It is enough to say that it was for the jury to determine whether or not plaintiff had been assaulted, even though the evidence is persuasive that the assault, if any at all, on January 23, 1924, was invited by plaintiff and her husband. No reference need be made to the many authorities cited by respondent to the effect that an indecent assault on a woman may be found, even though there was no physical contact. If plaintiff's story is accepted by the jury as true, she is entitled to a verdict.

The court instructed: "If plaintiff is entitled to recover in this case, she is entitled to recover as a measure of damages such amount as will compensate her fully and fairly for any harm or injury done to her and resulting from such assault. She is entitled to a measure of damages for any pain or suffering which she may have endured; for any loss of time she may have sustained by reason of such assault, or for any cost of her care or maintenance because of any infirmity or disability or harm resulting from such assault." There was no evidence of loss of time, or of the value of any loss of time, and no testimony that plaintiff had expended anything at all for her care on account of any infirmity or disability growing out of the assault. She did testify that she was hardly able to do her housework. Disability to do housework might give a cause of action to her husband for the amount he expended in hiring others to do that work, and so would the expense for her care if he had paid or incurred any sums therefor. It is true, that Dr. Denman was called to treat plaintiff for hysteria on February 2, 1924, and that he gave as an opinion that a nervous strain undergone on January 22, would not be too remote to produce the condition he found her in, but there is no evidence that the doctor was paid anything, or that he made a charge against plaintiff. It was error to let the jury take loss of time, and cost of care and maintenance into consideration in fixing the actual damages recoverable.

Error is also assigned upon this part of the charge: "It is proper to suggest to you that if you shall find by a greater weight of all of the evidence in the case that an assault within the meaning of that term in the law as stated to you was committed upon the plaintiff by the defendant on the first day of November, 1923, and you shall further find by a fair preponderance of the evidence in the case that likewise a further assault was committed upon the plaintiff by the defendant on the twenty-third day of January, and that defendant followed up and pursued the plaintiff with that intent and purpose hovering in his mind desiring to accomplish his purpose in that respect, then you may take those facts into consideration as bearing upon the measure of damages which the plaintiff would be entitled to recover against the defendant in the case, for the reason that repeated offenses are more damaging and harmful than a single offense."

As to actual damages, plaintiff was only entitled to full compensation for the injury resulting from each assault. She was not entitled to more compensatory damages for the second assault because there had been a previous one. Such damages must be measured by the full compensation for the injuries resulting from the first assault, plus the full compensation for the injuries resulting from the second assault, and no more. It is only when it comes to punitive or exemplary damages that the smart money may be increased on account of repeated offenses. The above instruction cannot well be understood or construed to be with reference to punitive damages, because the damages therein spoken of are those to which plaintiff is said to be entitled. Punitive or exemplary damages are not damages to which a party is entitled as a matter of right, but such only as a jury may in its discretion award as a punishment or deterrent for wilful, wanton or malicious wrongs. In view of what is already said concerning the encouragement or invitation of the last alleged assault, great care should have been exercised by the court in making clear to the jury the distinction between compensatory and punitive damages, and that as to the latter the jury is at liberty to grant or withhold the same as they alone in the exercise of good sense and sound judgment should determine.

The same fault is found in that part of the charge to which the tenth assignment of error is directed. There the court instructs the jury, if the verdict is for plaintiff, to "determine the amount which she is entitled to recover by way of compensation for any harm or injury done to her under the circumstances of the case as you shall find them to be, and you shall further consider whether or not defendant wilfully and wantonly assaulted the plaintiff within the meaning of that term as defined to you by the law of the case, and if you find by the greater weight of the evidence in the case, you shall add the result of such consideration to the amount of damages sustained by the plaintiff." This in effect tells the jury that punitive damages must be awarded if a wilful and wanton assault was found. Such is not the law. Berg v. St. Paul City Ry. Co. 96 Minn. 513, 105 N. W. 191; Sneve v. Lunder, 100 Minn. 5, 110 N. W. 99; Johnson v. Wolf, 142 Minn. 352, 172 N. W. 216.

The errors above pointed out necessitate a new trial. Other complaints of the charge need not be referred to, for it is likely that one will be framed at the next trial which will not be subject to the objections urged by defendant.

Order reversed.