WILLIAM H. DENNIS *vs*. ALBERT JOHNSON.

July 28, 1891.

Libel—Complaint—Averment of Plaintiff's Good Reputation—Denial in Answer.—A plaintiff having specifically alleged in his complaint a material fact, (*e. g.*, the good reputation of the plaintiff in an action for libel,) which would have been presumed without averment, and concerning which the burden of pleading and proof would ordinarily rest on the defendant, the defendant may raise an issue thereon by a mere denial in his answer of the fact thus alleged by the plaintiff.

Same—Evidence—Specific Acts of Dishonesty.—Specific acts of dishonesty, not pleaded, are not admissible in evidence as proof of a general reputation for dishonesty.

Appeal by defendant from an order of the district court for Hennepin county, *Hooker*, J., presiding, refusing a new trial on condition that plaintiff should remit the excess of the verdict (which was for $8,500) over and above $3,000, which condition was accepted by plaintiff.

*Hart & Brewer*, for appellant.

*Davis & Farnam*, for respondent.

DICKINSON, J.  This is an action for libel.  The report of the case on a former appeal (42 Minn. 301, 44 N. W. Rep. 68) discloses more fully than need be here stated the nature of the libel complained of.  This is an appeal by the defendant from an order refusing a new trial.  The complaint is that by the libellous publication stated the defendant defamed the plaintiff in respect to his fidelity, hon-

esty, skilfulness, and competency in his profession as an architect and superintendent in the construction of buildings, it being specifically alleged in the complaint that the plaintiff had always maintained a good reputation in these respects. In his answer, in the form in which by statute the averments of a complaint may be put in issue, the defendant alleged that he had no knowledge or information sufficient to form a belief as to the truth of such averments of the complaint concerning the plaintiff's reputation. At the trial, for the purpose of showing the plaintiff's general reputation for dishonesty in his profession, the defendant entered upon such an examination of a witness as was properly directed to that end. The evidence was excluded on the objection of the plaintiff. It is our opinion that the defendant had the right to make such proof, because of its obvious bearing upon the measure of damages, and that the ruling was erroneous. There can be no doubt concerning the materiality and admissibility of such evidence, unless it be upon the ground that the pleadings are not so made as to justify its reception; and this is the ground of the respondent's contention. It is argued that since the averment in the complaint of the good reputation of the plaintiff was not essential to the sufficiency of the pleading as a statement of the cause of action, a denial of that allegation in the answer is of no effect. It may be conceded, in accordance with the claim of the respondent, although we do not so decide, that unless the answer is so framed as to specifically put the reputation of the plaintiff in issue, such evidence would not be admissible. This answer does put that matter in issue as completely and specifically as if it had contained the averment, affirmatively made, that the plaintiff's general reputation in the particulars here involved was bad. The purpose of pleadings is to disclose the facts relied upon for recovery or in defence, and in support of which proof may be expected to be made at the trial. For this purpose no particular form of words is necessary, and the form or nature of the allegations of the complaint may determine the form in which the answer may properly be made. Of course, the affirmance and denial of immaterial matters does not present an issue to be tried. But a plaintiff may unnecessarily aver in his complaint

a material fact which would be presumed in the absence of any aver-ment, or concerning which the burden of pleading and proof would ordinarily rest upon the defendant, and by so doing enable the defendant, by a mere specific denial of such averment, to raise an issue as to the fact. Pom. Rem. § 667. This is such a case. The complaint set forth specifically the material fact that the plaintiff had enjoyed a good reputation in the particulars here involved. In the answer this allegation was specifically denied. When we regard the purposes of pleadings, it can make no possible difference whether, the complaint containing no such averment, the defendant were to affirmatively and specifically state in his answer that the plaintiff's reputation was bad, or, the complaint alleging specifically that his reputation was good, the defendant were to specifically deny the fact thus averred. In either case, the defendant unmistakably puts in issue the material fact. It is no answer to say that the plaintiff need not have alleged his good reputation. He having done so, it enabled the defendant to put the fact in issue by a pleading in the language of a denial, when, if the complaint had rested upon the presumption of the plaintiff's good name, the defendant, in order to specifically make an issue upon it, would have been obliged to affirmatively aver that it was bad.

The ruling of the court upon the attempt of the defendant to prove specific acts of dishonesty on the part of the plaintiff was right; there being no statement of facts in the answer to justify such evidence.

Order reversed.

MITCHELL, J.    I concur in the result.