(Opinion published 52 N. W. Rep. 277.)

---

### Arthur A. Lotto *vs*. Fanny Davenport.

Argued May 25, 1892.   Decided May 26, 1892.

**Libel—Good Character Presumed.**

> Good character or good reputation is ordinarily presumed till evidence to the contrary; and, in an action for libel, that the complaint alleges and the answer denies plaintiff's good reputation does not make it necessary for him to give evidence of it till there is evidence to the contrary.

Appeal by defendant, Fanny Davenport, from an order of the District Court of Hennepin county, *Hicks*, J., made September 19, 1891, granting plaintiff's motion for a new trial.

The plaintiff Arthur A. Lotto brought this action to recover damages on account of the libel set out in the opinion in *Williams* v. *Davenport*, 42 Minn. 393, as follows:

22nd April.

Miss Davenport wishes to thank those members of her company who so courteously and willingly received the half week's salary

paid them last week. This was done solely upon the strength of very large railroad fares and excess baggage, and deeming it just to herself. The ungentlemanly and discourteous conduct of Mr. Lotto and Mr. Williams necessitated Miss Davenport consulting her lawyer how to act, who informed her any one demanding full salary it should be paid. Any member of the company who deem the other four nights due them will communicate the fact to Mr. Willard, and shall be paid.                    FANNY DAVENPORT.

In his complaint the plaintiff alleged that he was an actor, and had always maintained a high professional and private character, and a reputation for gentlemanly and courteous demeanor. This allegation was denied by the answer. On the trial September 26, 1890, it was shown that plaintiff was an actor, and that defendant composed and published the libel; but no evidence was given as to the professional or private character or reputation of plaintiff. When plaintiff's evidence was all in, defendant moved the Court to dismiss the action, on the ground that it did not appear by the publication that there was any reference made to plaintiff in his professional character. The court granted the motion and discharged the jury. The plaintiff excepted to the ruling. He afterwards moved for a new trial. The Court granted it and the defendant appealed to this Court, claiming that as plaintiff had alleged his good character and reputation, as an actor, and the defendant had denied it, he was required to prove the issue he tendered.

*Davis & Farnam*, for appellant.

*James D. Shearer*, for respondent.

GILFILLAN, C. J. It was decided in *Williams* v. *Davenport*, 42 Minn. 393, (44 N. W. Rep. 311,) that the writing charged to be libelous in this case, under the circumstances stated in the complaint, being the same circumstances as were stated in that case, was a libel.

No defect in the evidence of the circumstances on the trial is claimed, except that plaintiff gave no proof of his reputation for gentlemanly and courteous conduct. It is conceded that good repute is

in general presumed, so that no evidence of it in the first instance is ordinarily necessary. But as such good reputation is alleged in the complaint, and denied by the answer, it is claimed that under the decision in *Dennis* v. *Johnson*, 47 Minn. 56, (49 N. W. Rep. 383,) it was necessary that plaintiff should introduce evidence of it. That decision was to the effect that where, in an action for libel, the complaint alleges and the answer denies good reputation, there is an issue upon it, so that the defendant may prove the want of such reputation, precisely as though he had expressly so alleged in his answer. It was only a question of pleading. Presumptions concern matters of proof. A conclusive presumption dispenses altogether with evidence as to the fact presumed. A removable presumption makes a *prima facie* case of the existence of the fact, and makes it unnecessary to prove it in the first instance; that is, until evidence is given to the contrary. In the case cited the court never thought of deciding that where a fact is presumed the presumption falls because one party alleges and the other denies the fact, nor that when the parties come to trial the existence of the presumption depends in any manner upon how the issue is made.

Order affirmed.