EDMUND SHERWOOD v. ROGER S. POWELL.[1]

June 27, 1895.

Nos. 9492—(175).

**Libel—Privileged Communications.**

> Where it appears, from a complaint in an action for libel based on an allegation in a pleading in another action, that the defamatory allegation was wholly gratuitous, irrelevant, and immaterial; that it was well known by defendant to be false and untrue; that it was published without cause or justification, and with express malice,—it is not privileged.

Appeal by defendant from an order of the district court for St. Louis county, Moer, J., overruling a demurrer to the complaint. Affirmed.

The complaint in the former action referred to in the opinion was for money collected after a mutual dissolution of a copartnership under an agreement that defendant therein should collect all moneys and pay over half to plaintiff.

The answer, after admitting the dissolution and agreement, set forth the alleged libelous matter as follows:—

"That plaintiff failed utterly to perform his contract of partnership with the defendant, but during the time aforesaid spent his time in consorting with idlers and people of abandoned character, and used the office of the partnership as a place of assignation in business hours during the temporary absence of defendant from said office."

*Roger S. Powell*, appellant, pro se.

The complaint shows that the alleged libelous matter was privileged. Townshend, Sland. & L. (3d Ed.) § 221; Thorn v. Blanchard, 5 Johns. 508, and cases; Wilson v. Sullivan, 81 Ga. 238, 7 S. E. 274; Strauss v. Meyer, 48 Ill. 385; Bartlett v. Christhilf, 69 Md. 219, 14 Atl. 518.

*J. B. Arnold* and *Edmund Sherwood*, for respondent.

Privilege is subject to two conditions: (1) The words must be spoken or written in good faith. Hodgson v. Scarlett, 1 Barn. & Ald. 232; Ring v. Wheeler, 7 Cow. 725; Jennings v. Pain, 4 Wis.

[1] Reported in 63 N. W. 1103.

358; Bradley v. Heath, 12 Pick. 163; Quinn v. Scott, 22 Minn. 456, and cases cited; Brook v. Montague, Cro. Jac. 90; Smith v. Howard, 28 Iowa, 51; Mower v. Watson, 11 Vt. 536; Torrey v. Field, 10 Vt. 353; Johnson v. Brown, 13 W. Va. 71; Warner v. Paine, 2 Sandf. 195; Lanning v. Christy, 30 Ohio St. 115. (2) The words must be relevant or pertinent to the issue. Marsh v. Elsworth, 36 How. Pr. 532; Starkie, Slander, c. 10; Bradley v. Heath, supra; Remington v. Congdon, 2 Pick. 310; Hoar v. Wood, 3 Metc. (Mass.) 193; Hodgson v. Scarlett, 1 Barn. & Ald. 232; McLaughlin v. Cowley, 127 Mass. 316; Garr v. Selden, 4 N. Y. 91. The question of good faith and relevancy or pertinency is for the jury. White v. Nichols, 3 How. 266; Smith v. Howard, supra; Somervill v. Hawkins, 3 Eng. L. & Eq. 503; Mayo v. Sample, 18 Iowa, 306; Howard v. Thompson, 21 Wend. 319; White v. Carroll, 42 N. Y. 161; Wyatt v. Buell, 47 Cal. 624; Rainbow v. Benson, 71 Iowa, 301, 32 N. W. 352; Chaffin v. Lynch, 84 Va. 884, 6 S. E..474; Todd v. Hawkins, 8 Car. & P. 88; Dada v. Piper, 41 Hun, 254; Wright v. Woodgate, 2 Cromp., M. & R. 573; Fairman v. Ives, 5 Barn. & Ald. 642; Robinson v. May, 2 Smith (Eng.) 3; Flint v. Pike, 4 Barn. & C. 473; Bromage v. Prosser, 4 Barn. & C. 247; Blake v. Pilford, 1 Mood. & Rob. 198; Parmiter v. Coupland, 6 Mees. & W. 105; Thompson v. Shackell, 1 Moody & M. 187; Gilbert v. People, 1 Denio, 41. See, also, Berming v. Reille (1891), Montreal L. Rep. 6 Q. B. 365; Weil v. Israel, 42 La. An. 955, 8 South. 826; Hyde v. McCabe, 100 Mo. 412, 13 S. W. 875; Spaids v. Barrett, 57 Ill. 289; Whitney v. Allen, 62 Ill. 472; Maulsby v. Reifsnider, 69 Md. 143, 14 Atl. 505; Hunckel v. Voneiff, 69 Md. 179, 14 Atl. 500.

COLLINS, J. Appeal from an order overruling a general demurrer to a complaint in an action for libel. The language complained of was set forth, used, and published of and concerning this plaintiff in an answer interposed by defendant in a former action between these same parties.

Appellant contends that the alleged libelous matter was an absolutely privileged publication, because it was set forth and published in a pleading in a judicial proceeding, and that the rule of law is that under no circumstances can defamatory words published or spoken of a party in the course of such a proceeding be made

the basis of an action for libel or slander. An efficient administration of justice requires that in the use of language much latitude must be given in legal proceedings, but we cannot indorse so broad a rule, although it is not without support in the books.

It seems to be well established in the English courts that counsel, parties, and witnesses are given free rein in pending litigation, and are absolutely exempted from liability to an action for defamatory words spoken or published of a party in the course of legal proceedings. A rule which tolerates and encourages gratuitous, immaterial, and malicious attacks upon a litigant, and excuses and justifies them, simply affords an opportunity for evil-disposed persons to vilify and calumniate, under the guise of an honest effort to secure the proper administration of justice. The doctrine which prevails abroad has not commended itself to the judiciary of this country, and it has been qualified by the American courts so that statements, verbal or written, made in the course of judicial proceedings, must at least be pertinent and material to the case, to be privileged. Hoar v. Wood, 3 Metc. (Mass.) 193. This qualified rule was subsequently approved in Rice v. Coolidge, 121 Mass. 393; McLaughlin v. Cowley, 127 Mass. 316. See, also, White v. Nichols, 3 How. 266; Gilbert v. People, 1 Denio, 41; Hyde v. McCabe, 100 Mo. 412, 13 S. W. 875; Whitney v. Allen, 62 Ill. 472.

Referring to some expressions in the cases last cited, as to the effect of a bona fide belief, based on reasonable grounds, in the pertinency and materiality of a statement or allegation in an affidavit or pleading, it is well to say that we are now considering a demurrer to a complaint from which it is apparent that the alleged libel was wholly gratuitous, irrelevant, and immaterial, and in which complaint it is averred that the libelous matter was well known by defendant to be false and untrue, that it was published without cause or justification, and with express malice towards this plaintiff. We have stated that the allegation or paragraph in the answer complained of was irrelevant and immaterial. The statements did not relate or pertain to any matter in issue between the parties, and, although purporting to be pleaded as a counterclaim, it utterly failed to state even the substance of a cause of action against the plaintiff.

Order affirmed.