EVERETT W. DAVIS v. GEORGE D. HAMILTON.[1]

December 12, 1902.

Nos. 13,217—(141).

### Libel—Evidence.

In an action for libel, evidence that plaintiff did not bring an action
against defendant for the publication of other libelous articles containing
the same or similar imputations is inadmissible, either as an implied
admission of the truth of the article so published, or as tending to estab-
lish plaintiff's bad character.

### Same.

It is not competent in such actions, as a general rule, for the defend-
ant to testify to the conclusion that the published article was true.

### Violation of Law—Evidence of Prosecutions.

Defendant published of and concerning plaintiff language charging
that he was an open and persistent lawbreaker. *Held*, that indictments
against plaintiff for alleged violations of the law, which were held de-
fective and dismissed on his demurrer thereto, were inadmissible as
tending to show the truth of the libelous article, and that the court erred
in refusing so to charge the jury; nor were such dismissed indictments
admissible in mitigation of damages.

### Reputation of Plaintiff.

The general bad character of plaintiff may be shown in an action for
libel in mitigation of damages, but such character must be established,
not from particular or specific acts of wrongdoing, but from his general
reputation in that respect in the community in which he lives.

### Evidence—Marks v. Baker Distinguished.

Where a defamatory article is actionable per se, evidence that defend-
ant did not intend to charge plaintiff with a crime, or to impute to him
that which the language of the article fairly imports and implies is inad-
missible. Marks v. Baker, 28 Minn. 162, distinguished.

[1] Reported in 92 N. W. 512.

**Admissions of Plaintiff.**

> Declarations and statements of a party libeled which tend to prove the truth of the libelous article are admissible against him in an action for damages.

Action in the district court for Becker county to recover $5,000 for libel. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Countryman & Morrison,* for appellant.

*Harris Richardson, C. M. Johnston* and *Jeff H. Irish,* for respondent.

BROWN, J.

Action for libel, in which defendant had a verdict, and plaintiff appealed from an order denying a new trial. A former appeal of the case is reported in 85 Minn. 209, 88 N. W. 744. After the cause was remanded on the former appeal, it came on for trial, and is now before us on the record of that trial. We are required to determine simply whether any errors prejudicial to plaintiff are there shown.

The law of the case was settled by the former decision, and we apply it as there laid down. However, for an understanding of the case, it is necessary to set out the libel, and state generally the issues made by the pleadings.

The complaint alleges that plaintiff was, at the time of the publication of the libelous article complained of, a merchant doing business at Detroit, this state, where defendant published a newspaper; that at the time of the publication of the libelous article he was a candidate before the people of the village for the office of president of the village council; and that defendant wilfully and maliciously published in his newspaper of and concerning him the following false and defamatory matter:

"If anything was needed to bear out the argument we have made to show the danger of permitting the saloon power to control village affairs, it was furnished last Wednesday night in the village caucus. Emboldened by past success, they have now met the issue and boldly assert that they will control this village, defying all laws, all ordinances, and all authority. They assert

88 M.—5

that the saloon is the only business that has any right to recognition. The highways and byways have been scoured, whisky is flowing as freely as water, and in a caucus of 303 men the saloon forces scored a victory by a majority of 39 votes. John K. West, who has been for many years foremost in every effort to build up the village, who has given more employment to labor, and paid the laboring man more money, than any other man in Detroit, was defeated by E. W. Davis, who is now an applicant in the bankruptcy court for release from the payment of his just debts; he having wrecked his business and expended his means in defending himself from prosecutions brought for his open and persistent violations of the laws of the state."

The answer of defendant admits the publication, and alleges the truth of the statements contained in the article, with certain exceptions, and matters in mitigation of damages.

We held on the former appeal that the publication was libelous in three distinct respects, viz.: (1) In accusing plaintiff of boldly asserting his intention of controlling village affairs in defiance of all laws, all ordinances, and all authority; (2) in charging plaintiff with being an applicant in the bankruptcy court for release from his just debts,—in effect, that he was insolvent; and (3) in charging him with having wrecked his business and expended his means in defending himself from prosecutions brought for his open and persistent violations of the laws of the state. The latter portion of the article was construed as charging him with open and persistent violations of the law,—with being a lawbreaker, —and not, as contended by counsel for defendant, that he had expended his means in defending himself from numerous prosecutions.

The issues made by the pleadings are quite plain and distinct, and present simple questions for determination, so far as the facts are concerned, viz.: (1) Whether the defamatory article was in any respect true; and (2) whether plaintiff was damaged by its publication. A number of assignments of error are presented and discussed by counsel, but we do not deem it necessary to refer particularly to all. Some of the errors are not likely to occur on another trial, and others are not of vital consequence. We shall mention some of those which appear to present decisive and controlling questions.

1. Defendant offered evidence on the trial showing that he had on other previous occasions published defamatory articles of and concerning plaintiff, and was then permitted, over the objection and exception of plaintiff, to show that plaintiff never brought an action of any nature against him on account of such publications, or otherwise called the truthfulness of the same in question. Counsel for defendant contend that the evidence was admissible· as tending to establish the truth of the libelous article, and the general bad character of plaintiff in the community.

It appears very clear to us that the evidence was inadmissible for either purpose, except in so far as the article in the Pioneer Press contained admissions of plaintiff tending to show the truth of the libel complained of. It is true that it is competent to show in actions of this kind, upon the question of the good faith of defendant, and to lessen and overcome the presumption of malice, that the same or similar defamatory articles were published in other newspapers, and that rumors of the same import were in general circulation of and concerning the plaintiff, and that defendant reproduced the same in his newspaper in good .faith, and in the honest belief that the imputations and charges thus made were in fact truths; but we are cited to no case holding that a defendant may prove, either for the purpose of lessening the presumption of malice, or in mitigation of damages, other libelous publications of his own, even though unquestioned by the injured party.

But plaintiff does not complain so much because of the admission of the evidence showing the other publications. It was finally stricken out by the court. What he complains of is that it was error to permit defendant to testify that plaintiff brought no action for such publications, or otherwise called the truthfulness of the same in question. We think the ruling of the court on this subject was error. Whether plaintiff had brought other actions for other libels, whether of the same or of a different character, containing the same or other imputations of wrongdoing, was wholly immaterial, and would have no tendency to prove the truth of the article in question. Merely because plaintiff did not call defendant to account for the former libels would create in

defendant no prescriptive right to continue his libelous publications, and the evidence was inadmissible. Curtis ·v. Mussey, 6 Gray, 261; Newell, Sland. & L. (2d Ed.) 893. Neither was the evidence competent for the purpose of showing the general bad character of plaintiff. It is settled law, no doubt, that the character of the plaintiff, in actions of this kind, is a proper subject for the con-.sideration of the jury in assessing damages; but the authorities are very uniform that such character must be established, not from specific acts of wrongdoing on his part, but from his general reputation and standing in the community in which he lives. His failure to bring an action for libel would not tend to show that he was a person of bad character. It might, on the other hand, be reasonably clear proof of much patience and endurance in the face of libels like that here complained of. Certainly it does not tend to show that he was of immoral character or a lawbreaker.

2. The court, over plaintiff's objection and exception, permitted defendant to testify to the conclusion that the statements in the libelous article were true. Perhaps, under some circumstances, the statement of a witness that a given state of facts is true or false may be admitted as competent evidence, but it certainly is not competent in a case of this kind. Here plaintiff was charged with boldly asserting his purpose to control the affairs of the village by defying all laws, ordinances, and authority, with being a bankrupt and an applicant in the bankruptcy court for the discharge of his just debts, and with being an open and persistent lawbreaker. Clearly, the general statement that the article was true was a mere naked conclusion, and not evidence of facts from which the truth might be ascertained. The witness should not have been permitted so to testify.

3. Defendant offered in evidence three indictments returned by the grand jury of Becker county against plaintiff, charging him with certain violations of the law, to which, when arraigned, he pleaded "Guilty," and judgment of conviction was duly rendered against him; also four indictments returned against him by the grand jury of Clay county, which were held by the court, on demurrer, defective, and were dismissed; also the record of a prosecution against plaintiff on the charge of criminal libel in the mu-

nicipal court of St. Paul, in which plaintiff was convicted after trial before a jury. But it appeared in connection with this latter testimony that prior to the trial of the action at bar the conviction in the municipal court was set aside, and a new trial granted, on plaintiff's motion.

It is contended by appellant that the reception of the Clay county indictments, which were dismissed, and the record of the prosecution in the municipal court of St. Paul, was error. It is also urged that the court erred in refusing plaintiff's request to instruct the jury that the dismissed indictments and the municipal court proceedings were not evidence that plaintiff was guilty of the charges there made against him. We concur in both these contentions. The fact sought to be proven by this evidence was the truth of the libelous article,—that plaintiff was a persistent lawbreaker,—and clearly it could have no legitimate tendency in that direction. The mere fact that a person is indicted by a grand jury, or prosecuted on the complaint of an individual, is no evidence that the person so prosecuted or indicted is a lawbreaker, or that he is guilty of the offense charged against him. The presumption is in his favor,—that he is innocent of the crime charged; and, until he is duly and properly convicted, indictments and criminal complaints, and records of proceedings thereon, are not evidence of guilt. In the case at bar the Clay county indictments and the proceedings in the municipal court of St. Paul were wholly incompetent for the purpose intended, and the court erred in refusing to instruct the jury accordingly.

The theory of counsel for defendant on this subject is that the evidence was proper as tending to show that plaintiff had defended himself from numerous prosecutions, and as proof of the further fact that he had thus expended his means and wrecked his business. Counsel urged on the former appeal that the libelous article simply charged plaintiff with defending himself from prosecutions; and, to establish the truth of the libel on that theory, counsel urges that the Clay county indictments and the municipal court proceedings were properly received in evidence. We find no reason to depart from the construction of this libel as given in the former opinion. We there held that the gist of this part of the

article was an accusation that plaintiff was an open and persistent lawbreaker, and we adhere to that construction as the plain significance of its language. To charge a person with defending himself from prosecutions is not libelous. It is, of course, perfectly legitimate for one thus to protect himself, and he is not exposed to the hatred, contempt, or ill will of his neighbors for so doing. To adopt defendant's contention in this respect would result in placing upon the libelous article an innocent and harmless meaning, and sanction and approve of the introduction of evidence to prove the truth of the libel in such innocent and harmless light,— a result devoid of significance or legal effect. The evidence was inadmissible, and should have been excluded. Whether he had defended himself from numerous prosecutions was not germane to the issue in the case, and the evidence naturally tended to prejudice the minds of the jury.

Neither was this evidence admissible in mitigation of damages. It may be stated as a general rule that in actions for libel any evidence which tends to lessen or overcome the inference of malice, or to show the general bad character of plaintiff, is admissible in mitigation of damages; but the character of plaintiff must be established as character is generally established,—by common repute, and not by isolated or particular acts of wrongdoing. The dismissed indictments and the proceedings in the municipal court of St. Paul, vacated as they were, cannot be taken as an imputation upon the character of plaintiff; nor do they in any way lessen or overcome the inference of malice arising from defendant's publication. They were therefore inadmissible, and should have been excluded by the trial court.

The indictments to which plaintiff pleaded guilty were properly received.

4. The court permitted defendant to testify, over objection of plaintiff, that he did not intend, by the publication of the article complained of, to charge any one with a crime, and this is assigned as error. We think the court erred in receiving the evidence. The article must be construed in accordance with the common and ordinary understanding of its language, and the secret intent of defendant is not competent or material in defense. He may

possibly have intended one thing, and made use of language meaning something entirely different; but he is, within all the authorities, answerable for what may naturally be inferred from his language. If the language be ambiguous and susceptible of an innocent meaning, it might, perhaps, be competent for the defendant to testify to the meaning intended by him; but where, as in the case at bar, the language of the article is unambiguous and actionable per se, the secret intent of the defendant is no defense to the action. If such a rule were to be adopted, there would be little left of the law of libel. If a person could accuse another of being a thief, in direct and explicit language, and then be permitted in defense to say that he did not intend to charge the person with larceny, there would be very little redress in cases of this kind.

The damage and injury from libelous publications comes from the impression made upon the public mind, and the secret intent of the person publishing the libel, where the language is plain and unequivocal, is not communicated to the public with the libelous charge. Opinions are formed from the publication alone. Hankinson v. Bilby, 16 Mees. & W. 442; Gribble v. Pioneer Press Co., 37 Minn. 277, 34 N. W. 30; Curtis v. Mussey, 6 Gray, 261; Sternau v. Marx, 58 Ala. 608; Hayes v. Ball, 72 N. Y. 418; Newell, Sland. & L. (2d Ed.) 301. Counsel for defendant cites in support of the ruling of the court the case of Marks v. Baker, 28 Minn. 162, 9 N. W. 678, where substantially the same question was put to the defendant, and the court held that it was not objectionable. But that case is clearly distinguishable from that at bar. There the publication complained of was a statement of facts purporting to be disclosed by public records, and was not upon its face actionable per se. It was rendered actionable only by the allegations that the defendant intended by its publication to accuse the plaintiff of having embezzled public moneys while acting as a public officer. In cases of that kind it is, perhaps, proper to permit the defendant to testify whether he intended by the publication to charge the commission of a crime. But that rule can have no application in cases like that at bar, where the libelous article is actionable upon its

face; charging, as it does, open and persistent violations of the law.

5. The court also permitted, over plaintiff's objection and exception, witness Fullerton to testify to a conversation had between him and plaintiff some time prior to the publication of the libelous article complained of, and of this plaintiff complains. Fullerton is the state game warden. Plaintiff was engaged as a merchant at Detroit, and, as a part of his business, shipped game to various points in and out of the state. It was testified by Fullerton that plaintiff approached him and endeavored to obtain Fullerton's consent to the shipment by plaintiff of game out of season and in violation of the law,—in short, that plaintiff attempted to bribe the game warden. This occurred prior to the publication of the libel complained of. There was a motion to strike this testimony out after it had been received, which motion was denied. We are of opinion that this evidence was properly received in the case. It was competent not only upon the question of plaintiff's damages, but also as tending to show the truth of one portion of the libelous article, namely, that plaintiff was an open and persistent law-breaker. It is true, plaintiff denied the conversation; but whether he in fact had it, and made the statement attributed to him by Fullerton, was for the jury to determine. If he made the statements claimed to have been made, and thus attempted to obtain from that official, whose duty it was to prevent the violation of the laws, permission to violate them, and to bribe that official in order to obtain that privilege, it tends to show, by the plaintiff's own acts and admissions, that he was a law breaker, and it was properly received in the case.

We would not go so far as to hold, in actions of this kind, that evidence might be introduced tending to show the commission of particular crimes, other than those charged in the libelous article; but it seems reasonably clear that declarations and statements, by the party claimed to have been libeled, tending to establish the truth of the libel, are proper evidence against him. Barkley v. Copeland, 74 Cal. 1, 15 Pac. 307; Bullard v. Lambert, 40 Ala. 204. We therefore hold that the court committed no error in receiving this evidence.

It is true that a justification must be as broad as the charge made in the libelous article, but where, as in this case, the article contains distinct and independent libels, proof of the truth of either may be shown, though the truth of one would not bar a recovery for those not shown to be true.

Other errors are assigned, but we do not deem it necessary to go further in their consideration. We have covered the principal questions in the case, and, as the others are not likely to occur on another trial, we make no reference to them. We may say, however, in taking leave of the case, that we are impressed with the contention that some of plaintiff's special requests should have been given to the jury, as they were not fully covered by the general charge; but it is unnecessary to point them out, as the subject will, no doubt, be fully covered on the next trial.

We may say, also, that the order permitting defendant to amend his answer by denying that the first portion of the libelous article had reference to the plaintiff was discretionary with the court; and, with the answer so amended, it would be proper for the defendant to testify whether he had reference to the plaintiff in respect to that portion of the article. Our former decision, to the effect that this part of the article was libelous on its face, was based upon the pleadings as they then existed; defendant's answer expressly admitted that plaintiff was referred to, and that the article was intended to apply to him.

We regret that one trial of a libel suit does not end and bring the case to a close, but the errors complained of here are insurmountable, and leave no alternative but a new trial.

Order reversed and new trial granted.