# H. C. DODGE v. I. C. GILMAN.[1]

## June 20, 1913.

## Nos. 18,060—(156).

**Slander — privilege — evidence under general denial.**

In this action for slander, the complaint alleged that defendant maliciously spoke certain slanderous words of and concerning plaintiff; the answer was a general denial and a plea that the words were privileged. It is *held:*

(1) Statements made in the course of judicial proceedings, in order to be privileged, must be pertinent and material to the case. Under this rule, the trial court rightly refused to direct a verdict for defendant.

(2) In an action for defamation where the complaint claims more than nominal damages to the reputation of plaintiff, defendant may, under a general denial, prove the bad reputation of plaintiff at and prior to the time of the slander or libel, though the complaint does not specifically allege plaintiff's good reputation.

(3) Where the complaint alleges that defendant acted maliciously, and states a case for the recovery of punitive damages, defendant may, under a general denial, prove facts tending to show good faith and absence of malice on his part.

(4) It was prejudicial error to exclude evidence of the bad reputation of plaintiff for honesty and integrity prior to the speaking of the slanderous words, but the error in excluding evidence to show defendant's good faith and the absence of malice was not prejudicial, the recovery being limited by the charge to compensatory damages.

Action in the district court for Watonwan county to recover $2,000 for slander. The facts are stated in the opinion. The case was tried before Pfau, J., who denied plaintiff's motion for an instructed verdict in such sum as the jury deemed proper, under the instructions of the court, and a motion by defendant for an instructed verdict in his favor, and a jury which returned a verdict for $275 in favor of plaintiff. Defendant's motion for judgment

[1] Reported in 142 N. W. 147.

Note.—On the question as to what proceedings in court privilege of publication attaches, see note in 16 L.R.A.(N.S.) 953.

122 M.—12.

notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Reversed and new trial granted.

*J. W. Seager,* for appellant.

*Paul C. Cooper* and *J. E. Haycraft,* for respondent.

BUNN, J.

This is a slander case. Plaintiff recovered a verdict, and a motion of defendant for judgment notwithstanding the verdict or for a new trial was denied. Judgment was entered on the verdict, and defendant appealed therefrom to this court.

The facts which the evidence warranted the jury in finding as true, stated only with enough detail to make understood the questions involved here, are as follows:

An action was on trial before a justice of the peace in the city of St. James involving the ownership of a cow. In this action one Hinton was plaintiff, and the defendant here was defendant. Plaintiff was represented by an attorney, while defendant acted as his own counsel. Defendant called one Jabolinski as a witness, and in the course of his examination, asked this question: "Did you see Henry Dodge in my pasture?" The question was objected to, and the justice asked defendant what he wanted to prove. Defendant said that he wanted to show that Dodge (the plaintiff in the instant case) was around his place, snooping around his premises. Plaintiff's attorney objected, and defendant got up from his seat, pointed to Dodge, who was in the court room, and said: "That man Dodge had not testified as a witness in the case. though it appears that he had been a witness against defendant in a former trial of the action before another justice. This is the version of the episode as given by plaintiff and the justice, and we must assume here that it is the correct one, though it differs in some particulars with the evidence of defendant and his witnesses.

1. It is contended by defendant that the slanderous words were privileged, because spoken during the progress of the trial, and in stock, and stole Crowley's hay and said my cattle ate it up." Dodge has been cutting my fences, running over my land, and injuring my

response to the question of the justice as to what he wanted to prove. The words spoken were not pertinent or material to the issue in the case on trial, nor to the question asked by the justice. It is well settled in this state that statements made in the course of judicial proceedings must at least be pertinent and material to the case to be privileged. Sherwood v. Powell, 61 Minn. 479, 63 N. W. 1103, 29 L.R.A. 153, 52 Am. St. 614. This disposes of the claim that the trial court should have granted a motion to dismiss or directed a verdict for defendant, as the words were clearly slanderous.

2. The trial court sustained an objection to a question asked by defendant's counsel as to the reputation of plaintiff for honesty and integrity, and also an objection to another question as to whether the witness had heard plaintiff make any statements as to defendant's cattle eating the hay, and whether he had not prior to the justice court trial informed defendant of that fact. Apparently the ground upon which these objections were sustained was that the answer did not specifically allege the bad reputation of plaintiff, or specifically allege matters tending to show want of malice.

The complaint did not allege good reputation on the part of plaintiff, but did allege that defendant acted maliciously, and asked substantial damages. There seems to be much doubt as to the law in this state on the subject of whether evidence of the bad reputation of the plaintiff in a libel or slander case is admissible under a general denial, and also whether evidence to show lack of malice in mitigation of damages is admissible under a general denial. It seems desirable to set these questions at rest.

We will first consider the admissibility under a general denial of evidence of the bad reputation of plaintiff prior to the time of the libel or slander. It is maintained with apparent confidence by plaintiff's counsel that this court has decided such evidence inadmissible under a general denial, where the complaint does not specifically allege the good reputation of plaintiff. The case of Dennis v. Johnson, 47 Minn. 56, 49 N. W. 383, is relied on. In this case the complaint alleged plaintiff's good reputation, and it was held that a specific denial of this allegation was sufficient to put the fact in issue. The court said: "It may be conceded, in accordance with

the claim of respondent, although we do not so decide, that unless the answer is so framed as to specifically put the reputation of the plaintiff in issue, such evidence would not be admissible." The language in the last part of the opinion to the effect that had the complaint rested upon the presumption of the plaintiff's good name, the defendant, in order to specifically make an issue upon it, would have been obliged to affirmatively aver that it was bad, cannot be construed as a decision to that effect in view of the express statement that the point is not decided. It is clear, we think, that the Dennis case does not decide the question. Clearly Lotto v. Davenport, 50 Minn. 99, 52 N. W. 130, is no authority either way. We have found no other Minnesota case that says anything to the proposition before us here. But the authorities elsewhere are numerous and generally to the effect that evidence of plaintiff's bad reputation is admissible under a general denial where the complaint asks substantial damages for injury to reputation, though it does not specifically aver plaintiff's good reputation. 1 Wigmore, Evidence, §§ 70, 71, and cases cited in note 1, § 73. Whether, in an action for defamation, the defendant may use plaintiff's poor reputation, or lack of reputation, to mitigate the damages, has been, irrespective of the question of pleadings, "one of the most controverted questions in the whole law," says Mr. Wigmore. He gives the argument in favor of admitting such evidence and the argument contra, as expressed in the leading cases. In most if not all cases which hold evidence of bad reputation admissible, it was held admissible under a plea of the general issue. There is no doubt that in this state a defendant in an action for defamation may prove the poor reputation of plaintiff, or his lack of reputation, in mitigation of damages, if his pleading is sufficient.

The only open question is whether a general denial is sufficient or whether defendant must specifically aver plaintiff's poor reputation. There have been cases holding that a plea of the general issue or a general denial was insufficient to raise the issue, but the great weight of authority is the other way. In addition to the cases from the English, Canadian, and American courts cited in the note to section 73 in Mr. Wigmore's valuable work, we refer to

the following authorities: In Newell, Slander & Libel, (2d ed.) p. 648, § 60, it is stated that a plea of the general issue operates as a denial of the damage, where more than nominal damages is claimed. In 18 Am. & Eng. Enc. (2d ed.) 1101, it is said that as a general rule evidence of the plaintiff's bad character or reputation may be introduced by defendant under the general issue, though there are cases holding otherwise. In 13 Enc. Pl. & Pr. 72, the rule is announced that "The general character or reputation of the plaintiff is put in issue by a plea of the general issue, and under this plea evidence to show the general bad character of the plaintiff before and at the time of the alleged defamation" is always competent in mitigation of damages. In Cyc. the same rule is given. 25 Cyc. 481. The cases, with a few exceptions, that are cited in the foregoing text books, fully support the rule, and we have no hesitation in saying that there is a practical unanimity of authority outside of this state in favor of admitting evidence of the bad reputation of plaintiff, under a general denial. It seems clear to us also that this is the logical and correct rule. The gist of an action for defamation is injury to plaintiff's reputation. He need not allege that it was good, and an unnecessary allegation to that effect does not change the issues. Where plaintiff claims general damages in more than a nominal amount for an injury to his reputation, surely a general denial puts in issue the fact and amount of the damage, as well as the speaking or writing of the defamatory language. In all cases where plaintiff alleges damages from the wrongful or negligent act of defendant, a general denial puts in issue the question of damages, as well as the doing of the act alleged. We fail to see why a different rule should apply to an injury to reputation. We therefore adopt in this state the rule that, under a general denial, defendant, in an action for defamation where more than nominal damages to the reputation of plaintiff is claimed, may introduce evidence of the bad reputation of plaintiff on the question of damages, whether or not the complaint alleges good reputation.

We also hold that when the complaint alleges that defendant acted with malice, a general denial puts this allegation in issue, and under it defendant may introduce any evidence reasonably tend-

ing to show that he acted in good faith. Here again there has been confusion in the law. When the defendant does not plead a justification, and clearly this must be specifically pleaded, it has been a subject of controversy how far he could prove acts of plaintiff which justified a belief in his guilt. But, in the absence of statute, we think it is the general rule that absence of malice may be shown under a general denial where the complaint alleges malice, thereby making a case for the recovery of exemplary damages. Where there is no plea of justification, it is well established that defendant cannot prove, under the general issue, the truth of the words spoken or published, either as a defense or in mitigation of damages, and it is the better opinion that he cannot prove the existence of rumors of plaintiff's guilt of the act charged for the purpose of "negativing the harm done to plaintiff's reputation," 1 Wigmore, Evidence, § 74.

But a wholly different question arises when the conduct or rumored conduct of plaintiff is offered not as showing his want of reputation or as tending to lessen the actual damages, but as constituting defendant's grounds for a belief in the guilt of plaintiff, and thus tending to show good faith and absence of malice. It is settled law in this state that this kind of evidence is admissible, if the answer is sufficient. Sharpe v. Larson, 74 Minn. 323, 77 N. W. 233; 2 Dunnell, Minn. Dig. § 5532. The question is again one of pleading. Good faith or absence of malice is of course not a defense to an action of slander or libel, nor does proof of good faith or want of actual malice go to lessen the actual or compensatory damages. But where the complaint contains the necessary allegations to warrant the recovery of punitive damages, such evidence has undoubted relevancy; it may lessen the amount of punitive damages, or do away with such damages altogether. On principle no good reason can be suggested for holding that a general denial does not put in issue an allegation of malice in the complaint, unless our statute, R. L. 1905, § 4152, makes it incumbent on defendant to allege in his answer facts showing want of malice.

This statute provides as follows: "The defendant" (in actions for slander or libel) "may allege in his answer both the truth of the

matter charged as defamatory and any circumstance in mitigation of damages, and whether he proves the justification or not, he may give in evidence the mitigating circumstances." As said in Hewitt v. Pioneer Press Co. 23 Minn. 178, 23 Am. Rep. 680, this statute entirely removed "the vexatious uncertainty and embarrassment which before the statute existed as to when a defendant in a suit for libel or slander could prove mitigating circumstances."

But it is not held in the Hewitt case or in any case in this state that this statute made it *necessary* for the defendant to specifically allege facts in mitigation when the complaint alleges actual malice. The answer in the Hewitt case did plead the mitigating circumstances, and it apparently has been the general practice to do so, but we can find nothing in the statute that makes it necessary, when it otherwise would not be. The "vexatious uncertainty and embarrassment" existing before was not in regard to the question of the necessity of pleading mitigating circumstances, or facts to show good faith, but as to the admissibility of such facts in evidence under any pleading. Neither in the reasons for its enactment, nor in the language of the statute, is there warrant for the construction that it makes it necessary for defendant to specifically aver facts showing his good faith in mitigation of punitive damages. We hold that where the complaint states a case for the recovery of punitive damages, defendant may prove absence of malice and good faith under a general denial.

We therefore reach the decision that it was error for the trial court to exclude evidence of plaintiff's bad reputation for honesty and integrity prior to the speaking of the slanderous words. As the relevancy and admissibility of the answer appeared from the question itself, it was not necessary for defendant to show what he expected to prove by the witness. The evidence excluded bore on the question of compensatory damages, and we are unable to hold that the amount of the verdict might not have been less had this evidence been admitted, and therefore the error was prejudicial.

It was also error to exclude evidence to show lack of malice on defendant's part. But this, we think, was error without prejudice. Its only bearing was on the question of punitive damages, and the

instructions to the jury limited the recovery to the injury to plaintiff's reputation, or compensatory damages.

We find no merit in any of the other assignments of error, but there must be a new trial for the error in excluding evidence of plaintiff's bad reputation.

Order reversed and new trial granted.