# ANKO KRULIC v. MARTIN PETCOFF.[1]

## July 25, 1913.

## Nos. 18,220—(230).

**Slander — evidence of plaintiff's reputation.**

1. In an action for slander, defendant, under a general denial, may show in diminution of damages that plaintiff's reputation was bad, but this must be shown by evidence of his common repute in the local community and not by specific acts of wrongdoing.

**Reputation of plaintiff — presumption.**

2. In such actions plaintiff's reputation is presumed good and is not in issue unless attacked by defendant; if so attacked and put in issue, defendant presents the issue regardless of the form of the pleadings.

**Justification — pleading and proof.**

3. In order to justify, defendant must plead specific facts showing the truth of the charge, and may then prove specific acts of wrongdoing tending to establish such facts.

**Aggravation of damages — mitigation.**

4. If defendant plead the truth of the charge or of a part thereof but fail in his proof, this may be considered by the jury in aggravation of damages. If it appear that he presented such defense in good faith, believing it to be true and had reasonable ground for such belief, this may be considered by the jury on the issue of malice and in mitigation of exemplary damages.

**Request to charge.**

5. If an instruction be desired upon a point omitted in the general charge, a request embodying such point should be presented.

Action in the district court for Ramsey county to recover $5,000 for slander. The case was tried before Dickson, J., and a jury which

[1] Reported in 142 N. W. 897.

Note.—On the question of truth as defense to a civil action for libel or slander, see notes in 21 L.R.A. 502 and 31 L.R.A.(N.S.) 132.

As to the degree of proof necessary to establish justification in action for libel or slander charging criminal act, see notes in 10 L.R.A.(N.S.) 1051 and 25 L.R.A.(N.S.) 1215.

returned a verdict for $1,500 in favor of plaintiff. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Schmidt & Waters,* for appellant.

*Thomas R. Kane,* for respondent.

TAYLOR, C.

Plaintiff recovered a verdict in an action against defendant for slander, and defendant appealed from an order denying his motion for a new trial.

Tony Pavlic, a Slavonian, kept a saloon, restaurant and lodging house in the city of St. Paul, patronized by Slavonians. Plaintiff, an unmarried woman 23 years of age, is a sister of his wife and has lived with the Pavlics since her arrival in this country some two years ago. She and her sister, Mrs. Pavlic, did the work in the kitchen and restaurant and took care of the rooms of the Pavlic establishment. The defendant stated that for about two years he had been looking after and attending to personal injury cases in connection with a firm of attorneys, and that for some years previously he had been employed as interpreter with a gang of men on the railroad. Before his testimony was completed, the trial court called in an interpreter for him.

He frequented Pavlic's place and became acquainted with plaintiff immediately after her arrival in St. Paul. After a few months' acquaintance he sought to marry her. According to plaintiff's testimony, after she had several times refused to marry him, he sought to have illicit relations with her, and when this attempt was repulsed, threatened to ruin her reputation, and not long thereafter made the defamatory statements complained of.

The complaint alleges that plaintiff, during her whole life, has been a chaste and virtuous woman; and that defendant falsely and maliciously charged that she was a "whore" and did "a whore business" and had been "used by men many times." The original answer was a general denial.

On the trial defendant contended that as plaintiff had alleged her good character and he had denied it, he had the right to prove her bad character in mitigation of damages, and attempted to do so by

presenting testimony as to alleged specific improper acts on her part, and as to the immoral conduct of others in the Pavlic place. The trial court refused to receive the proffered testimony, on the ground that it was inadmissible under the pleadings, and held that defendant must affirmatively allege such matters in order to be permitted to prove them. Thereupon, with the permission of the court, defendant amended his answer by alleging that plaintiff "during all of said times was an unchaste and unvirtuous woman and that she has had indecent and immoral relations with men prior to the time stated in the complaint."

Defendant insists that it was error to hold that the proffered testimony was inadmissible under the original pleadings, and, as we understand him, contends that under his general denial he was entitled to present such testimony without making any affirmative attack upon plaintiff's character, while, by the ruling, he was forced to make such affirmative attack at the risk of enhanced damages if he failed in his proof.

Defendant, under the original pleadings, was entitled to present proper proof of plaintiff's bad character. Dodge v. Gilman, supra, page 177, 142 N. W. 147; Dennis v. Johnson, 47 Minn. 56, 49 N. W. 383.

But even if the ruling were error, it was error without prejudice. Plaintiff's character was presumed to be good and she did not need to allege that such was the fact. Inserting such an unnecessary allegation in the complaint did not make it incumbent upon her to offer proof in support of it. There was no issue as to her character until it was attacked by defendant. Whether the answer put it in issue by denials or by affirmative allegations was wholly immaterial. The act of the defendant presented the issue. When he tendered proof of bad character his position was the same whether it were tendered under denials or under affirmative allegations in the answer. The form of the pleadings made no difference. Lotto v. Davenport, 50 Minn. 99, 52 N. W. 130; Dodge v. Gilman, supra.

But the ruling of the trial court was correct. The testimony tendered was not admissible in proof of plaintiff's bad character. In actions for libel or slander the term character is used as meaning

reputation; and in such an action the character of a plaintiff is determined by ascertaining the common repute of such plaintiff in the local community. It is not determined by evidence of specific acts either of plaintiff or of others, and such evidence is not admissible for that purpose. "The bad character of a plaintiff in a libel action may be shown in mitigation of damages; but such character must be established, not from particular and specific acts of wrongdoing, but from such person's general reputation in that respect in the community in which he lives." Lydiard v. Daily News Co. 110 Minn. 140, 124 N. W. 985 and 19 Ann. Cas. 985; Davis v. Hamilton, 88 Minn. 64, 92 N. W. 512; 18 Am. & Eng. Enc. (2d ed.) 1102. The numerous cases cited in the note to the Lydiard case in 19 Ann. Cas. 985, show that the rule stated is well nigh universal.

Specific acts, however, may be proven in support of a justification, if they tend to establish the truth of the charge; but to admit such proof the facts constituting the justification must be specially pleaded. "In the nature of things, proof of the truthfulness of a charge which is prima facie libelous or slanderous must come from the defendant, and the wise rule is adopted that such matter of justification must always be specially pleaded with particularity of detail. Thus if, as usually happens, the alleged defamatory matter consists of a general charge such as that one is a swindler, or imposter, the defendant's justification must set out the specific instance of misconduct which supplies the basis of the charge. Under the modern system of pleading the rule is the same, and the defendant's bill of particulars must still be as explicit as the plea was formerly required to be." 1 Street, Foundations of Legal Liability, 301; Newell, Slander & Libel, 651, 652; 13 Enc. Pl. & Pr. (2d ed.) 75, 80, 82; 18 Am. & Eng. Enc. (2d ed.) 1008.

"Where there is no plea of justification, it is well established that defendant cannot prove, under the general issue, the truth of the words spoken or published, either as a defense or in mitigation of damages, and it is the better opinion that he cannot prove the existence of rumors of plaintiff's guilt of the act charged for the purpose of 'negativing the harm done to plaintiff's reputation.'" Dodge v. Gilman, supra.

Under his amended answer, defendant was permitted without objection to present all his evidence as to the conduct and acts of plaintiff. No question was raised as to the sufficiency of the pleading. Both the court and the plaintiff treated it as alleging at least a partial justification. Defendant has no cause for complaint as to the rulings in respect to the pleadings.

The court charged the jury, in effect, that, if they found that defendant made the defamatory statements as alleged, and further found that such statements were not true, and that he had failed to prove the justification which he had alleged and had attempted to prove, they were entitled to take such attempt and its failure into consideration in aggravation of damages, but were not required so to do, that it rested within their own discretion to do so or not as they saw fit.

Defendant insists that this was error. The authorities are not in accord as to the effect of alleging and failing to establish a justification. It has been held conclusive evidence of malice. 8 Enc. of Ev. 217; 18 Am. & Eng. Enc. (2d ed.) 1013. It has also been held that, as the defendant has the right to interpose such defense, no inference of malice should be drawn from the fact that he may fail in his proof. 18 Am. & Eng. Enc. (2d ed.) 1006; Upton v. Hume, 24 Ore. 420, 33 Pac. 810, 21 L.R.A. 493, 41 Am. St. 863.

The weight of authority, however, holds that it is evidence of malice and, together with the evidence, if any, that the issue was tendered in good faith, is to be taken into consideration by the jury in estimating the damages. 18 Am. & Eng. Enc. 1006, 1104, and cases cited; 8 Enc. of Ev. 217; Newell, Slander & Libel, 664.

"If it (the justification) be not proved, the defendant's persistence in the charge is some evidence of malice, and will always tend to aggravate the damages given against him." Odgers, Libel & Slander, 636, 694.

In Olson v. Aubolee, 92 Minn. 312, 317, 99 N. W. 1128, 1130, it is said: "The rule in such cases is that the matters alleged in justification, if not shown to be true, may be considered by the jury in aggravation of plaintiff's damages, if upon the whole case it be found that he is entitled to recover. But the failure to establish all the

allegations of the justification cannot be made an independent basis of recovery."

Defendant also insists that the court erred in failing to instruct the jury that his good faith in presenting the justification was an element to be considered by them. No such suggestion was made at the time of taking the exception to the charge.

To establish defendant's good faith, it must appear that he believed that the charges set forth in his justification were true, and that he had reasonable grounds for such belief. At the trial he attempted, but not very successfully, to prove certain indiscreet acts of plaintiff. The fact that he presented this testimony is the only evidence tending even remotely to show his good faith. There is nothing else to show that he either believed the charges made, or had any ground for believing them. He does not even so testify himself. Had he desired an instruction submitting to the jury the question as to his good faith, he should have presented a request therefor. Faunce v. Searles, supra, page 343, 142 N. W. 816; Brown v. Radebaugh, 84 Minn. 347, 87 N. W. 937.

In explaining the answer to the jury, the court stated that defendant alleged that "plaintiff was and had been of an unchaste character and has prostituted herself and committed fornication with other persons." Defendant insists that this language was not justified by the answer and gave the jury to understand that he had made a more serious charge than the answer warranted. The answer charged that plaintiff was unchaste, unvirtuous and had had indecent and immoral relations with men. The court was merely restating this charge, and what the jury would ordinarily understand from the language used does not differ sufficiently from what they would ordinarily understand from the language of the answer to have caused any substantial prejudice to defendant.

Upon the record and facts of this case, we cannot hold that there was reversible error in the charge.

The damages were large but they were fixed by the jury and have been approved by the trial court, and we cannot say that the record is such as to require this court to interfere therewith. A still larger

verdict was sustained in Burch v. Bernard, 107 Minn. 210, 120 N. W. 33.

Order affirmed.