## JOHN N. NETT v. JOHN BONFIG.[1]

December 23, 1921.

No. 22,560.

**Libel and slander—evidence admissible under general denial.**

1. Under a general denial in his answer in a slander case, defendant may introduce evidence to prove plaintiff's bad reputation at and prior to the time of the alleged slander and defendant's good faith and the absence of malice, but he may not introduce evidence to establish the truth of the matter charged as defamatory.

**When facts as to the truth of slander not considered as affecting inference of malice.**

2. Facts and circumstances sufficient to create a belief in the truth of the defamatory matter, if not known to defendant and not relied upon as true, cannot be considered in mitigation to repel the inference of malice.

**Erroneous admission of evidence was prejudicial to plaintiff.**

3. The rule is that there should not be a reversal for the erroneous admission of evidence, unless it is probable that the result was affected

[1]Reported in 185 N. W. 956.

by its admission. The evidence erroneously received and the improper cross-examination of the plaintiff, as set out in the opinion, naturally tended to prejudice the jury against the plaintiff.

Action in the district court for Stearns county to recover $5,000 for slander. The answer was a general denial. The case was tried before Roeser, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Peter Ahles*, for appellant.

*James Manahan, Thomas V. Sullivan* and *James R. Bennett, Jr.*, for respondent.

Lees, C.

Action for slander in which defendant had a verdict and plaintiff appealed from an order denying his motion for a new trial.

Plaintiff represented his legislative district at the 1917 and 1919 sessions of the Minnesota legislature. His complaint charged the defendant with the utterance of the following defamatory words on or about June 30, 1919:

"Now Flynn, what do you think of your neighbor—that man John Nett. He went back on everything we brought up. He got that new car for not being down there to vote on that tonnage tax bill."

It alleged that at the 1919 session of the legislature a bill was introduced in the House of Representatives, known as the Tonnage Tax Bill, and that defendant meant by his words, and was understood by his hearers to mean, that plaintiff had accepted an automobile as a bribe to be absent from the legislature when the bill was voted on. The answer was a general denial. Flynn testified that at the village of Albany, in the latter part of June, 1919, defendant made the statement set out in the complaint. Defendant denied that he made it. There was no other direct evidence bearing on this question. Defendant admitted he had a conversation with Flynn in April, 1919, at the village of Albany. He gave it in substance as follows: Defendant asked Flynn if plaintiff was at Albany the day the Tonnage Tax Bill came up. Flynn replied, he

was—that he drove him to town that day but he missed the morning train—and defendant said he was glad to know it, that he had heard it, but thought it was not true.

1.   Under his answer defendant might introduce evidence tending to prove: (1) The bad reputation of the plaintiff at and prior to the time of the alleged slander; (2) defendant's good faith and the absence of malice. Dodge v. Gilman, 122 Minn. 177, 142 N. W. 147, 47 L. R. A. (N. S.) 1098, Ann. Cas. 1914D, 894. The answer did not allege the truth of the matter charged as defamatory, hence defendant had no right to prove justification, and, according to the better opinion, neither could he prove the existence of rumors that plaintiff was guilty of the act charged to negative injury to plaintiff's reputation. Trebby v. Transcript Pub. Co. 74 Minn. 84, 76 N. W. 961, 73 Am. St. 330; Dodge v. Gilman, supra; Krulic v. Petcoff, 122 Minn. 517, 142 N. W. 897, Ann. Cas. 1914D, 1056. The rule adopted by this court is in harmony with the prevailing opinion in other jurisdictions. Note to Williams v. Saunders, Ann. Cas. 1913E, p. 704.

Under the pleadings, the vital issue was whether defendant uttered the defamatory words set out in the complaint. The evidence would support a verdict either way. Much of it had no bearing on this issue. Evidence was admitted which had no bearing on plaintiff's reputation at and prior to the time the slanderous words are alleged to have been spoken. Neither did it bear on defendant's good faith or the absence of malice. It is well settled that facts and circumstances sufficient to create a belief in the truth of the defamatory matter, if neither known to nor relied upon as true by the party uttering the slander, cannot be considered in mitigation to repel the inference of malice. Quinn v. Scott, 22 Minn. 456; Larrabee v. Minn. Tribune Co. 36 Minn. 141, 30 N. W. 462. Defendant testified that he heard talk about plaintiff's conduct relative to tonnage tax legislation and to his getting an automobile. On cross-examination he admitted that he heard this talk after the date of his alleged slanderous utterance. Referring to a conversation with his witness Mimbach, he testified that it took place about two months before the November election in 1920. After he had so testified,

Mimbach was called as a witness and asked this question: "State whether or not you heard anybody at that meeting allege, in Mr. Nett's presence and hearing, that he had received a car for ducking the vote on the tonnage tax in the 1919 session of the legislature?" Plaintiff's objection was overruled and the witness answered in the affirmative. Defendant had no knowledge of this until long after the alleged slander. The objection should have been sustained for the reason stated in Quinn v. Scott, supra, and Larrabee v. Minn. Tribune Co. supra.

When undergoing cross-examination, plaintiff was asked whether he had met a certain man and answered: "I might know him." Then followed this question: "You know him to be a lobbyist for the United States Steel Corporation?" An objection was overruled, the court saying that such testimony might affect punitive damages. Objection was made and overruled to this question asked on cross-examination relative to the meeting referred to in Mimbach's testimony: "You remember at that time you were grilled about your vote on the tonnage tax?" Objection to the third and fifth of the following questions was made and overruled: "Who is Fred Speechly? * * * What was his business? You know he was a lobbyist for the telephone company * * * and the electric light company? You don't know the man who introduced Magnus Martinson? Do you remember he talked to you especially about the tonnage tax when Mr. Speechly and Martinson were there?" None of this was proper cross-examination and the objections should have been sustained. Defendant was asked what Mimbach had told him about the meeting already referred to, and answered that "there was a statement made down there, by I think it was Mr. Free, that he had charged Mr. Nett about this car—that he got that for being absent on the tonnage tax vote." A motion to strike out the answer was denied. We think it should have been granted.

These rulings are severally assigned as error. It is quite evident that the purpose of the questions was to create an impression on the minds of the jury that plaintiff had received his automobile as a bribe to induce him to refrain from voting on the tonnage tax bill, and that if defendant said to Flynn what he was charged with say-

ing he spoke the truth. In other words, defendant was attempting to prove justification without pleading it, and, of course, this could not be done. Krulic v. Petcoff, supra. It cannot be said that the questions were proper to elicit facts tending to mitigate damages, for reasons already stated. Whether these rulings were prejudicial to plaintiff's substantial rights, is the ultimate question for determination.

With respect to the admission of evidence which should not have been received, the rule is that there should not be a reversal, unless it appears probable that the result was affected by its admission. Salo v. Duluth & I. R. R. Co. 121 Minn. 78. 140 N. W. 188; Town of Wells v. Sullivan, 119 Minn. 289, 138 N. W. 305; Whitaker v. Chicago, St. P. M. & O. Ry. Co. 115 Minn. 140, 131 N. W. 1061. We are of the opinion that the natural effect of the admission of the evidence above set out and of the improper cross-examination to which plaintiff was subjected, was to prejudice the jury against plaintiff. It is highly probable that the verdict against him was attributable, in part at least, to the errors of which he complains.

There should be a new trial and the order denying it is therefore reversed.